*468
 
 * Jewett, J.
 

 The evidence shows that in September' 1830, the Holland Land Company made á contract with the defendant to sell him the premises in question for the price of $320, payable in eight years, with interest after two years; that no part of the same was ever paid, except sixteen dollars at the- time of making the contract; that' the defendant immediately went into the possession and occupancy of the premises under the contract and has ever since continued therein; that in January 1838, the.. Holland Land Company conveyed the premises in question, with other lands, and assigned the contract made with the defendant, to the plaintiff, of which the defendant soon after had notice, together with information, that by paying a portion and securing to the plaintiff, by his bond and mortgage, the payment of the residue of the purchase price-of the premises, at a future day, he could have a conveyance of the premises to him-from the plaintiff.
 

 The utmost which can be gathered from the evidence in respect to the transaction occurring on the 15th day of January 1839, is, that the defendant" went to the'office of the plaintiff, in Buffalo, and- paid the sum of $56: to the agent of the plaintiff, to apply- on the purchase price of the premises, and executed the bond and mortgage in question to secure the payment of the residue - of the' price of the land, and delivered the-same-to such agent for that purpose, relying on the certificate which the agent then gave him, to the-effect, that having executed the bond and mortgage upon the premises, .the defendant was- entitled to a deed for the same, on the- presentation and return of the- certificate to that office: -The' „ evidence shows, that *the deed could not then be •K Aftü 1
 
 t
 
 executed; that it was necessary to send it to the plaintiff at New York for that purpose, and the defendant was so informed, and was told, that it would require about two months to get it executed and returned to the office* which was the reason for giving the defendant
 
 *469
 
 the receipt or certificate mentioned. There is no direct proof to show at what place the deed, when executed, was to be delivered to the defendant, but I think it is strongly implied by the terms of the certificate, that it was to be delivered to him at the plaintiff’s office in Buffalo, and that he was expected to call there, and deliver up the certificate and receive the deed, on its execution and return from New York to Buffalo, after the lapse of about two months. Now, although the plaintiff, in March 1839, executed the deed for the conveyance of the premises to the defendant, and returned it to the office in Buffalo, to be delivered to him, where it still remains, there is no evidence to show that the defendant ever after called for it.
 

 Under these circumstances, I am unable to see, that the making and delivery of the bond and mortgage to the plaintiff, was either without consideration, fraudulent or void. It is quite plain, that the legal title to the premises did not pass to the defendant, by means of the certificate, but that is no reason why the plaintiff should be precluded from foreclosing the mortgage and acquiring, under a decree and sale, such title as the defendant had in the premises. There is nothing to show that the mortgage was not to be effective, until the delivery of the deed to the defendant, and so far as the right of the plaintiff to foreclose the mortgage as against the defendant is concerned, it is immaterial, whether there has been a delivery of the deed or not. It does not lie with the defendant, to object on that ground, unless he shows that the bond and mortgage were only to become effective upon an actual delivery of the deed to him, or, at least, that the plaintiff was guilty of some breach of their contract to deliver, of which there is no evidence. The plaintiff did all that it was bound to do in respect to the deed, until the defendant presented and returned the certificate at the office in Buffalo. It executed it, and had it there ready to be delivered,
 
 *470
 
 * 470 1 W^en defendant should *call for it. I see no -1 ground to impeach the validity of the bond and mortgage, on account of want or failure of the consideration ; neither is shown; but on the other hand, a good consideration is shown.
 

 But it is made a point, that the deed was never, so executed as to be ready for delivery. The plaintiff held the title to the premises; the deed is
 
 tripartite.
 
 The plaintiff is described as the parties of the first part, and conveys the premises, with a covenant against its own acts, to the defendant, in fee, who is described as party of the third part. Hernán J. Bedfield and Jacob Le Boy are described as parties of the second part, and they covenant with the defendant to warrant the quiet possession of the premises to the party of the third part. Bedfield executed and acknowledged the execution of the deed for himself, and as attorney for Le Boy. It is now objected, that there is not any proof that Bedfield was in fact constituted attorney for Le Boy. It is sufficient to say, that no such objection was made at the trial; if it had been, it might have been obviated by the production of the evidence.
 

 The second ground of defence set up by the defendant in his answer is, that the plaintiff never had the power or authority to purchase and receive a deed for the conveyance of the land in question from the Holland Land Company, or to take, hold or convey the same; and, therefore, if, in fact, the plaintiff made a conveyance to the defendant of the premises, it was illegal, fraudulent and void, and formed no consideration whatever for the bond and mortgage. If, then, the plaintiff had authority by law to take, hold and convey real estate by deed, in some form, and under some circumstances, the defence under this allegation in the defendant’s answer falls to the ground; for the reason, that it does not show for what purposes the plaintiff took the conveyance of the premises in question, and that it was unauthorized.
 

 Assuming, that the plaintiff, under some, although not under all circumstances, and for every purpose, was authorized to take and transfer real estate by deed, it rested with the defendant to show, by allegation and proof, that the plaintiff did not *take or transfer the title to the premises in question for any pur- *- pose and in the form authorized by law; as, in the absence of such allegation and proof, it should be intended, that the plaintiff was exercising its lawful powers in taking and transferring the title to the premises by deed.
 

 The plaintiff was incorporated by an act of the legislature, passed the 28th day of February 1822, under the name of
 
 “
 
 The Farmers’ Fire Insurance and Loan Company,” with authority to make loans on the security of bonds and mortgages, or conveyances of improved farms, &c., or any other real estate, &c., and to take and hold aiiy such property, either by mortgage or fee-conditional, or fee-simple, or any other wise, and to be seised of, and to hold the same, until any such estates or property could be conveniently sold and converted into money, &c.; to receive and take any real or personal property, in payment or towards satisfaction of such debt previously contracted and due, or to become due, to the said corporation, and to hold the same, until the whole or any part could be converted into money, &c.” By an act passed the 17th day of April 1822, the company was authorized to receive and take, by deed or devise, any effects and property, both real and personal, which might be left or conveyed to it in trust, and to assume, perform and execute any trust which had been, or which might be, created or declared by any deed or devise as aforesaid, and to receive, take, possess and stand seised of, and to execute any and all such trust or trusts, in its corporate capacity and name, in the same manner and to the same extent as any trustee or trustees might or could lawfully do. By an act passed the 30th of April
 
 *471
 
 1836, the name and style of this corporation was changed to that of “ The Farmers’ Loan and Trust Company.”
 

 It is clear, therefore, that the plaintiff, for some purposes, was authorized to take, hold and convey real estate, and there is no allegation, that it did not exercise this power (if it had it) in the mode and manner contemplated by the acts of the legislature. It follows, as I think, that the execution of the deed to the defendant, by the plaintiff, was a sufficient consideration for the bond and mortgage. The decree of the court below * A79 i should *be reversed, and the usual decree entered -* by that court for a foreclosure and sale of the lands, and for payment of the deficiency by the defendant, with costs.
 

 Decree reversed, with directions to enter the usual decree of foreclosure.
 

 Watson, J., dissented.