THE FARMERS' LOAN AND TRUST COMPANY *against*
LYSANDER CURTIS.

Where a mortgage is given to secure the payment of the purchase-money
   it is valid, whether the deed of the premises has ever been delivered, so
   as to vest the title in the mortgagor, or not.
A party in possession· of land under a contract of sale and purchase has
   such an interest in the premises as entitles a mortgagee to maintain an
   action to foreclose that interest.
Where a corporation has the power, under its charter, to receive the title
   to lands for certain purposes, the court, in the absence of proof to the
   contrary, will presume that a conveyance made to it was made in accord-
   ance with, and not in violation of, its corporate powers.

BILL to foreclose a mortgage. The Holland Land
Company, in January, 1838, conveyed large tracts of
land in Genesee and other western counties of this state,
and assigned contracts for the sale of, portions of such
lands, to the plaintiffs. Among the contracts, was one
held by the defendant for a lot occupied by him. He
was notified of the conveyance, and that by paying a
portion, and securing by his bond and mortgage the resi-
due of the purchase price due upon his contract, he
could have from the plaintiffs a conveyance of the land.
On the 15th of January, 1839, he called at plaintiffs'
office at Buffalo, paid $78 toward the land, executed his
bond, and the mortgage in suit, for the balance due on
the contract, and left them with the clerk in the office.
He received from the clerk a certificate that he had
executed his bond and mortgage on the south part of
lot 51, and was entitled to a deed for the same, on the
return of the certificate to that office. He was informed
that the deed could not then be executed; that it was
necessary to send it to New York, and that it would
require about two months to get it executed and returned
to the office. The deed was executed and sent to the
office, but the defendant did not call for it. It remained

in the office, and the defendant remained in the possession of the land, until after this suit for the foreclosure of the mortgage was commenced.

Redfield and LeRoy joined in the deed, adding their covenant of warranty. On their part, it was executed by Redfield for himself, and as attorney for LeRoy. No authority from LeRoy was produced. The defendant insisted that the bond and mortgage were without consideration, the deed not having been delivered. That the deed, not having been executed by LeRoy, was never ready for delivery. That the plaintiffs had no power under their charter to take the title to the lands, except in trust; and no trust being declared in the deed, they obtained no title, and therefore could give none.

*Held*, that whether the deed had been delivered so as to vest the title in the defendant or not, the mortgage was valid, and the defendant had such an interest in the land as entitled the plaintiff to sustain this suit to foreclose that interest.

That the objection, as to the want of power in Redfield to execute the deed for LeRoy, not having been made on the trial, was waived.

That the plaintiffs having power to receive the title to lands for certain purposes, the court, in the absence of proof to the contrary, must presume that the conveyance to them was made in accordance with, and not in violation of, their corporate powers.

(S. C., 7 N. Y. 466.)