CASE 10—PETITION EQUITY—JUNE 11.

# Morrow, &c., vs. Slaughter.

APPEAL FROM WOODFORD CIRCUIT COURT.

S. conveyed a house and lot, in consideration of eight hundred dollars, to M., J., and B., with the reservations—*First.* That the grantees were to insure the property, and keep it in good condition, and out of the profits reimburse the eight hundred dollars, with interest, and afterwards apply the profits to the use of the New School Presbyterian Church in Versailles; and, *second.* That if the said church should ever be dissolved, the property should pass to a committee to be appointed by the Synod of the New School Presbyterian Church of Kentucky, and be disposed of as said Synod shall direct for the benefit of the New School Presbyterian Church of Kentucky. *Such conveyance passed from the grantor forever all title, as in all other sales, without condition or reservation.*

Had the grantor been a donor of a charity, a failure in the object of dedication would, by an implied trust, have resulted in a reversion. But in this case it was a sale for an admitted valuable and a presumptively commensurable consideration, without any reserved reversion.

Morrow, &c., vs. Slaughter.

If the church in Versailles had been dissolved, the court could not assume that there is not now, or will not hereafter be, a New School Presbyterian Church of Kentucky.

PORTER & GREATHOUSE,                                For Appellants,
CITED—

7 *B. Mon.*, 489–90 ; *Gibson, &c., vs. Armstrong.*
*Revised Statutes, sec.* 5, *chap.* 14, 1 *Stanton*, 237.
*M. &. B.'s Digest,* 1349.
3 *B. Mon.*, 257 ; *Shannon, &c., vs. Frost, &c.*
11 *B. Mon.*, 288 ; *Berryman vs. Ruse.*
1 *Met.*, 355 ; *Thornton vs. McGrath.*
1 *Bibb*, 567 ; ——— *vs. Harris.*
7 *Mon.*, 544 ; *Pool vs. Young.*
3 *Dana*, 157; *Frogg's ex'r vs. Long's adm'r.*
13 *B. Mon.*, 197, *and cases cited.*

T. N. & D. W. LINDSEY,                                For Appellees,
CITED—

2 *M. & B.'s Digest,* 1349, *Act of* 1824.
*Revised Statutes,* 1 *Stanton*, 237.
*Hill on Trustees, top pages* 329, 157.
*MS. Opin.*, 1869 ; *Hodge vs. Berry & Thornton.*
9 *Smith's N. Y.*, 69 ; *Phelps vs. Pond.*
14 *N. Y.* (4 *Kernan*), 380 ; *Owens vs. Missionary Society.*
8 *Md.*, 551 ; *Wildman vs. Baltimore.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT.

On the 27th day of August, 1850, the appellee, Mrs. Sarah J. Slaughter, and her husband, John H. Slaughter, since dead, sold and conveyed to Preston B. Morrow, Humphrey Jones, and Henry C. Blackburn, her house and lot in Versailles, Kentucky, for the consideration of eight hundred dollars, then paid with money.

borrowed by them, for the benefit of an organized Pres-
byterian Church of the New School section in said town.
The conveyance was made on the following trusts:

*First.* That the said Trustees should insure the prop-
erty, keep it in good condition by repairs and other-
wise, and out of the profits reimburse the eight hundred
dollars, with the accruing interest, and afterwards apply
the profits to the use of the said church.

*Second.* That if the said church should ever be dis-
solved, the property should pass to a committee, to be
appointed by the Synod of the New School Presbyte-
rian Church of Kentucky, and be disposed of as said
Synod shall direct, for the benefit of the New School
Presbyterian Church of Kentucky.

In December, 1866, the appellee, claiming the rever-
sion, brought this suit in equity, alleging that the said
church in Versailles had been dissolved, that the new
school had no Synod in Kentucky, and that the rents
had, or ought to have, reimbursed the eight hundred
dollars and interest, and thereupon praying for a res-
titution of the trust property.

Morrow's answer denied the alleged reimbursement
and dissolution, and controverted the appellee's title to
the reversion in any event.

On these issues and several depositions the circuit
court decreed restitution to the appellee, and this ap-
peal calls for a reversal of that judgment.

If, in any event, the appellee could be entitled to the
reversion, her right could not availably accrue until after
the profits shall have paid to the trustees the eight hun-
dred dollars advanced by them and its interest. On that
subject there is a direct issue, of which the appellee holds
the affirmative; and she has offered no sufficient proof to
sustain her traversed allegation. The decree was, there-

Morrow, &c., vs. Slaughter.

fore, at least premature, and therefore erroneous.   Nor is there sufficient proof of the alleged dissolution, either actual or legal, nor of the non-existence now, or certain non-existence hereafter, of a synod of New School Presbyterianism in Kentucky, however material or immaterial that may be in this case.

But, however all this may be, we can perceive no solid ground for the decree.   Had the appellee been the donor of a charity, a failure in the object of dedication would, by an implied trust, have resulted in a reversion to herself.   But that is not her case.   She did not give, but sold the property for an admitted valuable and a presumptively commensurable consideration, and her contract reserved no reversion to herself, but passed from her forever all her title, as in all other sales, without condition or reservation.   She can, therefore, have no reversionary title ; nor can the Commonwealth have any such title, by escheat or otherwise.

But the deed itself guards against any reversion, on the possible failure of the special trust, by providing, that, in that event, the New School Church of *Kentucky* shall be the ultimate beneficiaries ; and it is neither alleged, nor can be judicially assumed, that there is not now, or will not hereafter be, such a recipient.   But in no event will the vendor have any peculiar right of reversion, unless she might possibly derive it from the Commonwealth, through the legislative release lately made to her of its possible title not yet existing.

Wherefore, the judgment of the circuit court is reversed, and the cause remanded, with instructions to dismiss the appellee's petition.