CASE 69—ACTION TO RECOVER LAND—DEC. 7.

109   475
f127   837

# Miller v. Flemingsburg & Fox Springs Turnpike Co.

### APPEAL FROM FLEMING CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

CORPORATIONS—ACQUIREMENT OF LAND BY PURCHASE—RIGHT TO SELL AND CONVEY—ULTRA VIRES.

Held:  1. Where a turnpike road company acquires land by contract, and not by condemnation, it takes the fee, and may sell and convey the land to another.
2. As between the parties, a sale and conveyance of land to a corporation is valid, though the corporation was not authorized to make the purchase.

O. R. BRIGHT AND JOS. H. POWER, ATTORNEYS FOR APPELLANT.

1. There never has been a time in the history of Kentucky, in which turnpike companies were authorized to own as much as 26 acres of land for toll gate purposes. They may condemn as

much as one acre, and never at any time exceeding ten acres for such purpose. See brief in case of A. H. Ishmeal v. The Ewing & Metcalf Mills Turnpike Co.

JOHN P. McCARTNEY, FOR APPELLEE.

1. The appellee made an arrangement with the Fiscal Court of Fleming county, to transfer its road-bed to the county, reserving its toll gate property. It had previously purchased a small tract of land from appellant upon which it built a toll gate house, paying her a full consideration and receiving from her a general warranty deed therefor. After the transfer of the road bed to Fleming county, appellant, Vandalia Miller, instituted this action, in the Fleming Circuit Court, to recover said property so conveyed, on the ground that it reverted to her when the turnpike company ceased to operate said road as a turnpike. A demurrer was filed to her petition, which was sustained by the court, and she has appealed.

2. The principle of law is well established that a man can never have something for nothing. It is equally as well established that the sale of the property to the appellee passed the title, and that the appellant could not properly raise the question of *ultra vires*. In order to raise that question she must plead and show that she has been misled to her injury.

### CITATIONS.

Ky. Stats., sec. 4712, sub-secs. 1, 2, 3 and 4, and Ch. 32, sec. 561; Morris v. Schollsville Branch Red River Turnpike Co., 6 Bush., 672 to 675; Thompson on Corp., vol. 5, secs. 6745, 6746, 6004, and 6009; Sedgwick on Const. of Stats. and Com. Law, 78; Steam Nav. Co. v. Weed, 17 Barbour, 382; Whitney Arms Co. v. Barlow, &c., 63 N. Y., 690; Carroll Co. Academy v. The Gallatin Academy, 20 Ky. Law Rep., 824.

W. G. DEARING, ATTORNEY FOR APPELLEE.

1. A corporation can acquire property in fee simple and pass title to same. Morawetz on Cor., 678; Lathrop v. Com. Bank of Scioto, 8 Dana, 119.

2. The property in this case does not revert. Morawetz on Cor., 1032, and cases there cited.

3. It is not a condition subsequent and therefore does not revert. 2 Develin on Deeds, 970; Rosson v. Upbridge, &c., 7 Allen, 125; Lauston v. Edwards, filed in this court January 19, 1900, from Bourbon county.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The lower court sustained a demurrer to the petition as amended, and, appellant failing to plead further, her petition was dismissed, and she appeals.

The facts pleaded show that appellant sold, and by deed conveyed, to the appellee two tracts of land of 13 acres each, the full agreed consideration being paid therefor. The land thus bought was used by appellee in connection with its toll houses while the corporation existed. The county of Fleming acquired the property of appellee by contract of purchase, and made the turnpike a free public road; and thereafter the appellee corporation dissolved, and terminated, and ceased to have any property rights under its charter. Appellant then claims that the two tracts reverted to her, the original grantor, and for this she prays judgment. This petition presents the sole question whether appellant, as the original grantor of the land, can recover same on a dissolution of the corporation on the grounds that the contract of purchase was, as to the corporation, *ultra vires;* or that by reason of section 4712, Kentucky Statutes, which is the same as section 1, chapter 110, General Statutes, it will, on dissolution or discontinuance of the road as a turnpike, revert to the original grantor. The land in question was acquired by contract, and appellant executed a deed of general warranty. There was no condemnation proceeding. In the case of Morris v. Turnpike Road, 6 Bush, 673, this court, in discussing this statute, held that in condemnation the use of the land only passed, but when it was acquired by contract with the owner the fee passed, and that the turnpike company could sell the land purchased, while that that was condemned would revert. In this case the appellee is the

owner in fee of the land by deed from appellant, and there-
fore, under the statute, could sell and pass title. On the
question of *ultra vires*, and whether the appellant, the
grantor, can claim the land against her own deed, executed
for a full consideration paid, because by the charter of ap-
pellee company it was not authorized to acquire or own
that amount of land, we think it well settled that the
transaction is not void, but, as between these parties, must
be permitted to stand. The rule is well and tersely stated
by Mr. Justice Swayne in Bank v. Matthews, 98 U. S., 621;
(25 L. Ed., 188), where he says: "Where a corporation is
incompetent by its charter to take title to real estate, a
conveyance to it is not void, but only voidable, and the
sovereign alone can object. It is valid until assailed in
a direct proceeding for that purpose." Cases to support
this doctrine might be quoted in great numbers, but we
deem it unnecessary, as it is so in accord with reason, good
faith, and the plainest principles of equity. Appellant
has received full value for the land, and should not be
allowed to recover the land against her deed of general
warranty, and at the same time keep the consideration.
There appears no error, and the judgment is affirmed.