CASE 43.—ACTION BY JOHN PATTERSON AND OTHERS
AGAINST JACOB S. PATTERSON AND OTHERS.—
November 9, 1909.

## Patterson, &c. v. Patterson, &c.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Judgment for defendants, plaintiffs appeal.—Reversed.

1.  Perpetuities—Construction of Deed.—A deed conveying land
to a turnpike company for a tollhouse, and providing that,
when the house should cease to be used for such purpose,
the land and building should revert to certain persons named,
did not create a perpetuity in violation of Ky. St. 1909, Sec.
2360, since the grantee might at any time with the sale
of its turnpike convey the use of the tollhouse and ground
to its vendee, and under section 2359 the reversioners might
at pleasure sell their reversionary interest.
2   Deeds—Construction — Condition    Subsequent — Covenant.—
Conditions subsequent are not favored, and, if it be doubtful
whether a clause in a deed be a condition or a covenant,
courts will incline to the latter construction.
3.  Perpetuities—Conveyance for Highway.—The statute against
perpetuities (Ky. St. 1909, Sec. 2360)   does not apply to a
conveyance of land for a public highway, or for its use in
connection with the operation of a turnpike, which is a public
highway.
4.  Perpetuities—Reversions—Construction.—Where a deed conveyed land to a turnpike company for use for a tollhouse, a
provision that on cessation of such use the land should revert to certain named persons, instead of herself, was valid.
5.  Pleading—Demurrer—Effect.—On demurrer to the petition
the facts therein alleged must be accepted as true.

G. ALLISON HOLLAND and WALLACE MUIR for appellants.

## POINTS AND AUTHORITIES.

1. The land in question was not inalienable, the turnpike company having the power to convey, and it was not therefore taken out of commerce. The grantor reserved no right to herself and heirs to re-enter on the land and resume possession. Kentucky Statutes, Section 2360; Carroll County Academy v. Gallatin Academy, 20 Ky. Law Rep. 824; Trustees Gen'l Assembly Presby. Church in U. S. v. Alexander, 20 Ky. Law Rep., 391; Fuquay's Heirs v. Trustees Hopkins' Academy, 22 Ky. Law Rep., 744; McDaniel v. Watson, 4 Bush, 234; Morrow, etc., v. Slaughter, 5 Bush, 330; 22 A. & E. Ency Law, 2 Ed., 704; Lewis on Perpetuities; Lamb v. Lynch, 56 Neb. 135; Cowell v. Colorado Springs Co., 100 U. S., 55; 4 Kent's Commentaries, 12 Ed., 129-30; 3 Rapalge's Digest, Secs. 1095 and 1096; Rawson's School Digest; 83 Am. Decision, 670; Green v. O'Connor, 19 L. R. A., 264; Railey v' Umantillo County, 15 Oregon, 172.

2. The contingency matured during the lifetime of the grantor. A limitation that would have been void at the time the conveyance was executed will not affect its validity if it took place during the lifetime of the grantor, all parties being in esse at the time the deed was made and when its final conditions went into effect. 22 A. & E. Ency. Law, 709; Southern v. Wallaston, 16 Beav., 166; Peard v. Kekuvich, 15 Beav., 166 Gooch v. Gooch, 14 Beav., 565; Wallace v. Smith, 24 Ky. Law Rep., 139; Call v. Shewmaker, 24 Ky. Law Rep., 686; Davis v. Wood, 17 B. Mon., 86.

3. Statute against perpetuities does not apply to charitable uses or to public highways. Gass & Bonta v. Wilhite, etc., 2 Dana, 170; 23 Henry VIII, ch. 10; Porter's case, 1 Co. R., 24; Pullius, etc., v. Board of Education of Methodist Church, 25 Ky. Law Rep., 1715.

4. A turnpike road is a public highway. Roads created for public use under a charter of a corporation are public roads, though the charter gives the corporation the right to appropriate the tolls. Lexington & O. R. Co. v. Appelgate, 8 Dana, 289; Ware v. Clark's Run & S. R. Turnpike Co., 3 Ky. Law Rep. (Abstract) 325; Elliott on Roads and Streets, Sec. 69.

ALLEN & DUNCAN, attorneys for Fannie Hickey and John B. Smedley.

The decisions in our own state are sufficiently abundant, without citing authorities, and are conclusive of the question at issue.

It will be sufficient, we believe, to refer to the following recent cases: Ludwig v. Coombs, 58 Ky. (1 Met.) 128; Stevens v.

Stevens, 21 Ky. Law Rep., 1315, 54 S. W., 835; Coleman v. Coleman, 23 Ky. Law Rep., 1476, 65 S. W., 832; Fidelity Trust Co. v. Lloyd, 25 Ky. Law Rep., 1827, 78 S. W., 896.

.OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

On October 27, 1891, Nannie C. Smedley, spinster, in consideration of $1 in hand paid, sold and by deed conveyed to the Ft. Spring & Pinkard Turnpike Company, a corporation owning and operating a turnpike in Fayette county, a quarter of an acre of ground "for the purpose of building a house for collecting toll for said pike." The deed also provides: "Now, it is further agreed that when said house ceases to be used for collecting toll for said pike, then and at that time the above tract of land with all buildings and fixtures to revert back to Jacob Smedley, Will Waltz, and John Patterson or their heirs." Jacob Smedley was a brother, John Patterson and Will Waltz, brothers-in-law of Nannie Smedley. On May 9, 1894, the turnpike company, grantee in the deed referred to, sold and conveyed its turnpike to the fiscal court of Fayette county, and that court at once made it a free turnpike and ceased to collect tolls thereon and to use the tollhouse on the lot conveyed by Nannie Smedley to the turnpike company.

Thereupon Jacob Smedley, Will Waltz, and John Patterson without objection from any source took possession of the tollhouse and ground in question, and they, or Patterson and the heirs at law of Jacob Smedley and Will Waltz, have since continuously had and held the actual adverse possession thereof, claiming it as against all others. Nannie Smedley, the grantor in the deed to the turnpike company, was living at the time Jacob Smedley, Will Waltz, and John

Patterson took possession of the tollhouse and for ten years thereafter, and all the while residing near the property in question. Nannie Smedley died in 1904, childless, but left a will which was duly probated, following which her estate was in due course settled and distributed as by the will directed. Jacob Smedley and Will Waltz both died after they and John Patterson took possession of the tollhouse and ground, but both left children who are their heirs at law, respectively. Some years after Nannie Smedley's death, and after the distribution of her estate, the appellees, Fanny Hickey and John B. Smedley, the former a sister and the latter a brother of the decedent, set up claim to the lot and tollhouse as her heirs at law, whereupon John Patterson and the heirs at law of Jacob Smedley and Will Waltz, deceased, brought this action in the Fayette circuit court to quiet their title to the tollhouse and lot, alleging their ownership and possession of same under the deed from Nannie Smedley to the turnpike company and its reversion to them by reason of the purchase and freeing of the turnpike by the fiscal court of Fayette county. The devisees and heirs at law of Nannie Smedley, deceased, were made parties defendant to the action, and were duly summoned. But only two of them, Fannie Hickey and John B. Smedley, made defense to the action. This they did by filing a general demurrer to the petition, and without waiving same, later filing an answer.

By the demurrer and answer they resisted appellant's right to the property in question on the ground that the deed from Nannie Smedley to the turnpike company, in so far as it provided that the tollhouse and lot should revert to and become the property of Jacob Smedley, Will Waltz, and the appellant, John

Patterson, upon the turnpike company ceasing to use it for collecting toll, was and is void for remoteness and by reason of the statute against perpetuities, and that, therefore, the title, following the abandonment of the use of the property for collecting toll reverted to the grantor, Nannie Smedley, upon whose death it descended to appellees and the other heirs at law of the decedent. Accepting this view of the matter, the circuit court sustained the demurrer to the petition and dismissed the action at appellants' cost. Appellants, being dissatisfied with the judgment have appealed.

For appellants it is urged that the circuit court erred in adjudging that the reversion or limitation over contained in the deed from Nannie Smedley to the turnpike company created a perpetuity in violation of section 2360, Ky. St. The section reads as follows: "The absolute power of alienation shall not be suspended by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter." Without entering upon a dissertation as to the meaning of the legal term, "perpetuity," it is sufficient to say that the purpose of the statute is not to compel the vesting of estates, but to prohibit unreasonable restraints upon alienation. Neither in law nor fact did the deed under consideration create or seek to create a perpetuity. It conveyed to the turnpike company for a specific purpose, namely, for use in the collecting of tolls on the pike, the ground described. The deed did not render the property inalienable, for the turnpike company, after receiving it, had at any time the right to sell its turnpike to an individual, company, or the fiscal court, and with

such sale convey the use of the ground and tollhouse to its vendee, and that vendee to another ad libitum, so long as the property was used for the single purpose to which it was devoted by the Smedley deed.

On the other hand, appellants had like power to sell and convey at any time the reversionary interest in the tollhouse and ground conveyed them by the deed. Section 2359,Ky. St. The deed contains no language which imports that the grant was to become void in case the purpose for which the land was conveyed was not carried out, nor does it reserve to the grantor the right, in that event, to re-enter upon the land and resume possession of it as of her former estate. On the contrary, its language leaves no doubt of the intention of the grantor to give the property to her brother and brothers-in-law named therein when its use as a tollhouse shall cease. "It is a rule of law that conditions subsequent are not favored because they tend to destroy estates, and, if it be doubtful whether a clause in a deed be a condition or a covenant, courts will incline to the latter construction." Carroll County Academy v. Gallatin Academy, 104 Ky. 621, 47 S. W. 617, 20 Ky. Law Rep. 824.

There is another thing aside from the deed itself that has an inportant bearing on the case. The contingency entitling appellants to the land in controversy matured during the lifetime of the grantor. We think it safe to say that a limitation that would have been void under conditions existing when the deed was executed will not affect the ability of such a limitation, if by reason of circumstances happening subsequent to the execution of the deed but before the death of the grantor it does not offend the rule. The facts averred in the petition and admitted by the de-

murrer are that the deed from Nannie Smedley to the turnpike company was made in 1891; that the turnpike company conveyed its road and property to the fiscal court of Fayette county May 9, 1894; that upon that day appellants took possession of the toll-house and ground by virtue of the reversionary interest conveyed to them by the deed from Nannie Smedley to the turnpike company and have ever since been in the actual, adverse possession thereof; and that the grantor, Nannie Smedley, died in 1904, 10 years after appellants took possession of the property, and during the whole of that time set up no claim that it had reverted to her. These facts show that she had knowledge of their taking possession of and retaining the property, and that it was done with her acquiescence, if not actual consent.

Finally, we are of the opinion that the statute against perpetuities does not apply to a conveyance of land for a public highway, or for use in connection with the operation of a turnpike, which is a public highway. Gass & Bonta v. Wilhite, etc., 2 Dana, 170, 26 Am. Dec. 446. If the deed from Nannie Smedley to the turnpike company had not provided for the reversion of the title upon the abandonment of the use of the land for tollhouse purposes, nevertheless, under the law of this state, it would in consequence of such abandonment have reverted to the grantor, and, this being true, neither the statute against perpetuities nor other obstacle stood in the way of her providing in the deed for its reversion to another or others instead of herself.

Accepting as true the facts alleged in the petition, and this we must do on demurrer, we think they entitled appellants to the relief asked. Therefore the circuit court erred in sustaining the demurrer.

For the reasons indicated, the judgment is reversed and cause remanded, with directions to the circuit court to overrule the demurrer, and for further proceedings consistent with the opinion.