## Krell-French Piano Company v. Dengler.

(Decided November 1, 1911.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1.  Corporations—Sale of Shares of Stock—Validity of a Question for the Court.—The validity of a sale of shares of stock in a corporation is a question of law for the court.
2.  Same—Seller Cannot Raise Question of Power to Buy.—Where the owner of stock in a corporation sells it to another corporation which is incapable under the law of acquiring the stock, the seller cannot thereafter raise the question of the buyer's want of power to buy.

HARDIN H. HERR and MARK E. FORKNER for appellant.

CHARLES A. WICKLIFFE for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

Appellee Dengler obtained a judgment against appellant, the Krell-French Piano Company, for the conversion of twenty shares of the stock of the Krell-French Piano Company, which Dengler claimed to own.

The Krell-French Piano Company and the Auto Grand Piano Company, were Indiana corporations engaged in the manufacture of pianos and musical instruments in New Castle, Henry County, Indiana. They had business transactions by which the Krell-French Piano Company sold the Auto Grand Piano Company automatic players and pianos to such an extent that in 1907 the latter company owed the Krell-French Piano Company about $40,000, largely represented by negotiable promissory notes. The Auto Grand Piano Company having failed to pay its notes as they matured, the Krell-French Piano Company took active legal steps to collect its debt. The Auto Grand Piano Company claimed it was entitled to certain credits by reason of overcharges on musical instruments sold to it by the appellant, and brought suit in Indiana to collect that alleged indebtedness. Differences had existed between the two companies throughout their business transactions with each other. Negotiations looking towards a settlement resulted in an agreement by which the appellant sold its player department stock and implements used in connection therewith to the Indiana Furniture Company, of

Connersville, Indiana, a company newly created for the purpose of carrying out said agreement, and the Auto Grand Piano Company retired from business. The consideration for this sale was $62,000, to be paid to appellant by delivering to it certain checks, drafts, stocks, including 410 shares of the common stock of the Krell-French Piano Company valued at $20,500, specified in a schedule, and aggregating the amount of the purchase price. Twenty shares of this 410 shares of appellant's stock was owned by appellee, Dengler; and it was a part of the contract that said 20 shares should be acquired and transferred to the appellant as a part of the purchase money. That contract was executed, and in carrying it out the stocks and other items which constituted the purchase price were placed in the hands of Jones, who acted as trustee for both parties, and delivered the stocks and notes to the appellant as fast as it performed its part of the contract by delivering the stock of goods which it had sold. On July 31, 1907, Dengler sold and transferred his 20 shares to the Auto Grand Piano Company, and the latter company and the Indiana Furniture Company delivered them to the appellant in part payment of the $62,000 purchase price due it for the sale of its player department. On January 26, 1910, Dengler brought this suit against the Krell-French Piano Company to recover the value of the 20 shares of stock upon the theory that the transfer of his stock by him to the Auto Grand Piano Company was void under the Indiana statute of 1891 which prohibits a corporation from buying the stock of another corporation, unless it be done with the written consent of all the stockholders of both the selling and the buying corporation.

There is no statute or decision of the Appellate or Supreme Courts of Indiana that prohibits a corporation from buying its own stock, if done in the ordinary course of business, and in good faith, for the protection of the corporation's interest.

The court instructed the jury to find for Dengler, if they believed from the evidence that the Krell-French Piano Company knew that the sale of the stock by Dengler to the Auto Grand Piano Company was void and of no effect under the law, and if it knew that Dengler "had received no consideration for the transfer of said stock by reason of the invalidity of the contract of sale under which it was attempted to be transferred." This instruction put Dengler's right to recover, not upon the invalid-

ity of the sale of the stock by Dengler to the Auto Grand Piano Company, but upon the knowledge of the Krell-French Piano Company of its invalidity. Furthermore, it assumes that the sale was void, and that Dengler could take advantage of it. The validity of the sale of the stock by Dengler to the Auto Grand Piano Company was a question of law for the court, and should not have been submitted to the jury. When Dengler sold his stock to the Auto Grand Piano Company, and that company, in turn, sold it to the appellant for a valuable consideration, the latter's title thereto was unassailable. If the sale by Dengler was void for being in violation of the statute, he cannot enforce the return of it to him, or recover its value since he himself was a wrongdoer. Continental Securities Co. v. Northern Securities Co., 66 N. J. Eq., 274. When the owner of stock in a corporation sells it to another corporation which is incapable, under the law, of acquiring the stock, the seller cannot thereafter raise the question of the buyer's want of power to buy. Morisette v. Howard, 62 Kans, 463; Hanson v. Little Sisters of the Poor, 79 M., 434, 32 L. R. A., 295; Harris v. Independence Gas Co., 76 Kan., 750, 13 L. R. A., (N. S.) 1171.

In Miller v. Flemingsburg & Fox Springs Turnpike Co., 109 Ky., 475, this court said:

"In this case the appellee is the owner of the land by deed from appellant, and therefore under the statute, could sell and pass title. On the question of ultra vires, and whether the appellant, the grantor, can claim the land against her own deed, executed for a full consideration paid, because by the charter of appellee company it was not authorized to acquire or own that amount of land, we think it well settled that the transaction is not void, but, as between these parties, must be permitted to stand. * * * Appellant has received full value for the land, and should not be allowed to recover the land against her deed of general warranty, and at the same time keep the consideration."

See also, Hough v. Cook County Land Co., 73 Ill., 23, 24 Am. Rep., 230.

And, although the State might have questioned the transaction, yet, not having done so, and the corporation in the meantime having sold the stock to appellant, it acquired an indefeasible title thereto. Shewalter v. Pirner,

55 Mo., 218; Farmer's L. & T. Co. v. Curtis, 7 N. Y., 466; Blunt v. Walker, 11 Wis., 334, 78 Am. Dec., 709.

Under the proof in this case appellant's motion for a peremptory instruction should have been sustained.

Judgment reversed.