## Hughes, et al. v. Miller.

(Decided April 30, 1915.)

### Appeal from Trigg Circuit Court.

Deeds—Turnpikes—Reversion.—Where, for a valuable consideration equal to the value of the land, a turnpike company acquires a tract of land by general warranty deed, a provision in the deed to the effect that the land is conveyed "for the use and benefit of said company for toll house and toll gate and no other purpose," does not create a condition subsequent, and where the company, after disposing of its turnpikes to the county, sells the land so conveyed to a third party, the land does not revert to the original grantor or his heirs.

DENNY P. SMITH and SMITH & RYAN for appellants.

KELLY & KING for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Reversing.

On May 10th, 1859, John L. Miller and wife executed, acknowledged and delivered the following deed:

"This indenture, made 10th day of March, 1859, between John L. Miller and M. A. Miller, his wife, of the one part & the Canton, Cadiz and Hopkinsville Turnpike Road Company, of the other part, Witnesseth, that the said John L. Miller and wife for and in consideration of five dollars in hand paid, the receipt of which is hereby acknowledged, have bargained and sold unto the said Company a tract or parcel of land lying on the west side of said Company's road leading from Canton through Cadiz to Hopkinsville, beginning at a common corner of the survey of Ardenia Hicks, James Battoe & John L. Miller, and running thence to the turnpike road along the said Hicks & Miller line; thence down the said road towards Canton to the intersection of Millers & Battoes line; thence to the place of beginning, containing one-fourth of an acre more or less. The said Miller and wife hereby convey the said land to the said Company under general warranty for the use & benefit of said Company for Toll house and Toll gate and no other purpus, which land is the land of M. A. Miller the wife of J. L. Miller."

The turnpike company took possession of the land covered by the deed and erected thereon a tollhouse and tollgate, which were used continuously by the company until the month of October, 1913. At that time the turnpike company sold its turnpike road to Trigg County, but reserved the tract of land covered by the deed in question. Shortly thereafter the land in question was sold at public outcry and purchased by George and Luke Hughes.

Mary A. Miller and John L. Miller are now dead, and Walter Miller, J. C. Miller, William Miller, Inez Thomas and Mary E. Crute are their only heirs.

Plaintiff, Walter Miller, brought this action against defendants, George and Luke Hughes, to recover the one-fourth acre of land covered by the deed referred to. His action is based on the theory that as the land was conveyed to the turnpike company for use as a tollhouse and tollgate and no other purpose, it reverted to the grantors or their heirs when it ceased to be used for

that purpose. He alleged in his petition that he had purchased the interests of the other heirs, including Mary E. Crute. As the latter was asserting an interest in the land she was made a party defendant. Defendants George Hughes and Luke Hughes filed a demurrer to the petition, which was overruled. They then filed an answer denying the allegations of the petition and pleading affirmatively that the turnpike company had paid a valuable consideration for the land and had acquired an absolute title thereto. The evidence shows that the price paid by the turnpike company for the land was its full market value at the time of the purchase. It further appears that the property was sold for other than tollgate purposes. On final hearing the court adjudged that when the property ceased to be used for tollhouse and tollgate purposes the title thereto reverted to plaintiff as heir and vendee of the other heirs of his father and mother. From this judgment the defendants appeal.

There are three cases where land acquired by a turnpike company reverts to the original owners or their heirs when it ceases to be used for turnpike purposes: (1) Where the land is condemned. Cynthiana & Raven Creek Turnpike Co. v. Hutchinson, 22 Ky. Law Rep., 1233, 60 S. W., 378. (2) Where the company acquires a mere easement. Mitchell v. Bourbon County, &c., 25 Ky. Law Rep., 512, 76 S. W., 16. (3) Where the deed conveying the property provides for a reversion. Patterson, &c. v. Patterson, 135 Ky., 339, 122 S. W., 169. On the other hand, where the company, for valuable consideration, acquires a fee simple title and the deed does not provide for a reversion, no reversion takes place. Miller v. Flemingsburg, &c. Turnpike Co., 109 Ky., 475, 22 Ky. Law Rep., 1039, 59 S. W., 512; Langston v. Edwards, 21 Ky. Law Rep., 1277, 54 S. W., 833; Kendall v. Hillsboro, &c. Turnpike Co., 23 Ky. Law Rep., 2372, 67 S. W., 376. In the case under consideration the turnpike company paid full value for the land and acquired the fee simple title thereto. The deed does not, in express terms, provide for a reversion. The question of reversion turns on the effect to be given to the clause "for the use and benefit of said Company for Toll house and Toll gate and no other purpus." No rule is better settled than that conditions subsequent are not favored in law. A deed will not be construed to create an es-

tate on condition unless language is used which, according to the rules of law, *ex proprio vigore,* imports a condition, or the intent of the grantor to make a conditional estate is otherwise clearly and unequivocally indicated. If it be doubtful whether a clause in a deed be a covenant or a condition, courts will incline to the latter construction. Patterson, &c. v. Patterson, *supra;* Greene v. O'Connor (R. I.), 19 L. R. A., 262; 1 Inst., 205b, 219b; 4 Kent. Com. *129, *132; Shep. Touch. *133; Merrifield v. Cobleigh, 4 Cush., 178, 184; Rawson v. Uxbridge School Dist. No. 5, 7 Allen, 125, 127, 128, 83 Am. Dec., 670. In the case of Murphy v. Metz, &c., 27 Ky. Law Rep., 617, 85 S. W., 1097, the trustees of a school district paid $35.00 for a school house lot. The property was conveyed to the trustees "for the use and purposes herein expressed and for no other use whatsoever." It was held that as the grantor was not the donor of a charity, but had received a valuable consideration for the lot, the property did not revert when it ceased to be used for school purposes. The same rule was applied in Morrow, &c., v. Slaughter, 5 Bush, 330. In Barker v. Barrows, 138 Mass., 578, certain land was conveyed to a town to be used as a schoolhouse lot and for no other purpose. It was held that this language did not create a condition subsequent. Indeed, it is the general rule that a grant of land for a specified purpose without other words does not create a conditional estate. It follows that the trial court erred in holding that the land in question reverted to plaintiff.

Judgment reversed and cause remanded, with directions to enter judgment in favor of defendant.