CASE 28—PETITION EQUITY—FEBRUARY 6.

# Harlan vs. Lumsden, &c.

### APPEAL FROM HICKMAN CIRCUIT COURT.

1. At common law, a stranger cannot sue a deputy sheriff for breach or non-performance of official duties. The principal sheriff is liable to the party thus injured, and the deputy is liable to his principal. (4 *Bibb*, 494.)

2. The Commonwealth has no right of action against a deputy sheriff for failing to pay into the treasury public revenue collected by him ; but the principal sheriff and his sureties are, in such case, liable. (*R. S.*, *ch.* 83, *art.* 12, *sec.* 16.)

3. The statute gives the Commonwealth a lien upon every sort of property, including choses in action, in which a sheriff or his sureties have a legal or equitable interest.

4. The sheriff's claim on his deputy is a chose in action, on which the Commonwealth, having obtained judgment against the sheriff, has a lien ; but where the

deputy is also surety of the sheriff, and has been compelled, as such, to pay money for the latter, before the Commonwealth's lien attached, the sum so paid is a valid set-off against the Commonwealth or its assignee.

PRYOR & CHAMBERS for appellant.

A. J. JAMES for appellees.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT:

By the common law, a stranger cannot sue a deputy sheriff for the breach or non-performance of his official duties. The principal sheriff is liable to persons thus injured, and the deputy is liable to his principal. (*Owens vs. Gatewood, 4 Bibb, 494; Watson on Sh., 33.*)

We are not aware of any statute giving to the Commonwealth the right to sue a deputy sheriff for failing to pay into the treasury public revenue collected by him; and, in our opinion, the Commonwealth has no such right. Though it may be the duty of a deputy to pay the money into the treasury, it is a duty which he owes to his principal, and for the non-performance of which he is liable only to his principal.

But the sheriff and his sureties are liable to the Commonwealth for money so collected by a deputy, and not paid into the treasury by him or his principal, and "judgments in the name of the Commonwealth, against sheriffs * * * and their sureties, * * * shall bind the estate, legal and equitable, of all the defendants to said judgments from the commencement of suit till satisfied." (*R. S., ch. 83, art. 12, sec. 6.*)

Technically, the word *estate* means, not property, but an interest in property. But we do not suppose that it was used by the framers of this statute merely in its technical sense, because it is not probable that they would have undertaken to give a lien upon the sheriff's "interest, legal or equitable," without attempting to designate the property in which such interest might be held; nor do we suppose that they used the word estate as merely equivalent to the word property, because there is no such thing as legal property or equitable property, though a man may have a legal or equitable interest in any kind of property. They appear to have used the word estate, as it is frequently used in wills and deeds, in a double sense,

referring both to the property of sheriffs and to their interest therein. The statute, thus construed, gives a lien upon the property in which a sheriff has a legal or equitable interest, and is broad enough to embrace every sort of property, including choses in action.

We are not aware of any other instance in which the Legislature has attempted to make a judgment operate as a lien on property not subject to execution. But that such was the purpose of this statute seems clear, from the fact that the lien is given upon the debtor's estate, legal and *equitable*. We perceive no reason for exempting choses in action from the operation of the statute, which might not be urged with equal force for the exemption of every equitable interest that is not subject to execution.

That the framers of the statute intended to place choses in action upon the same footing with equitable interests in other property, appears also from the fact that, in section 16 of the same article, they treat choses in action as " equitable estate," by authorizing proceedings in equity for subjecting " the choses in action or *other* equitable estate of the defendant."

We do not perceive how we can escape the conclusion that the statute gives a lien to the Commonwealth upon all the property of every kind, belonging to the sheriff and his sureties, against whom a judgment has been obtained. The sheriff's claim upon his deputy for the revenue collected by the latter is a chose in action, upon which the Commonwealth, having obtained a judgment against the sheriff, has a lien, which it can enforce by a suit in equity.

If Lumsden, as surety upon the sheriff's bond for the collection of the revenue, has paid $980 upon said judgment, he is entitled, to that extent, to an assignment of the judgment (*Rev. Stat.*, ch. 97, sec. 8), though he does not appear to have obtained an assignment. But his petition shows that a part of the judgment remains unpaid. Hence, even if he had obtained a partial assignment of the judgment, he would not have been entitled to recover the money due from the deputy. The judgment in favor of the Commonwealth must be satisfied before either the sheriff or Lumsden can recover from the deputy.

The deputy sheriff seeks to set-off the sum of $610, which he alleges he was compelled to pay as surety upon the sheriff's official bond. It does not appear when he paid the money, though it appears that he became surety upon said bond before the Commonwealth commenced its action against the sheriff. But his liability as surety for the sheriff did not give him a right of set-off. The right accrued upon the payment of the money. (*Walker vs. McKay*, 2 *Met.*, 294.) If he paid the money after the lien upon his debt to the sheriff attached in favor of the Commonwealth, we doubt whether the payment gave him a valid set-off against the Commonwealth, or against a surety of the sheriff having an assignment of its judgment. But our opinion is, that, if he paid the money before the said lien attached, he has a valid set-off against the Commonwealth and its assignee. The Commonwealth can only recover from the deputy the sum which he owed to the sheriff when the lien attached. In such cases, the sum due is that which remains after the set-off is deducted. Thus, under the act of 1839, which provided for a *pro rata* distribution between creditors, of the assets of insolvent decedents, it was held that a debtor had the right to set-off a debt due to him from the decedent. (*Ely, &c., vs. Honin*, 5 *Dana*, 398.) And where the debtor of an insolvent bank was sued by commissioners, to whom its effects were assigned under an act of the Legislature, which declared that its creditors should be paid *pro rata*, it was held that the defendant might set-off a debt due to him from the bank. (*Finnell, &c., vs. Nesbitt, &c.*, 16 *B. M.*, 354.)

Upon the return of the cause the parties should have leave to amend their pleadings.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.