## Bowling v. Grace.

(Decided April 22, 1927.)

### Appeal from Knox Circuit Court.

1. Perpetuities.—Deed providing that when land conveyed was not used for school purposes it was to revert back to the grantors, their heirs and assigns, held not to suspend their absolute power of alienation, within Ky. Stats., section 2360, limiting the term during which the absolute power of alienation may be suspended, since the possibility of reverter could have been released at any time to the holder of the defeasible fee and fee-simple title thereby vested in grantee.

2. Schools and School Districts.—That no limitation was contained in habendum clause of deed held not to work a conveyance of a fee-simple title, where the deed provided that the property should revert when it was abandoned and not used for school purposes, since parties' intention must be gathered from the whole deed.

3. Deeds.—The whole deed must be considered in determining the intention of the parties, rather than merely part thereof.

4. Deeds.—If the intention of the parties to a deed can be determined from it when it is read as a whole, such intention will be effectuated as the true contract of the parties.

JAMES D. BLACK for appellants.

TUGGLE & TUGGLE for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, Eli Bowling, and his then wife, Ellen Bowling, in 1892 sold to the trustees of common school district No. 41 in Knox county about one-fourth acre of land upon which a schoolhouse was to be erected. The land was sold to the trustees with the understanding that when it ceased to be used for school purposes the house and the land were to revert to the grantors or their heirs

or assigns. A schoolhouse was erected on the land, and in 1894 Eli Bowling and Ellen Bowling, his wife, executed a deed to the trustees of the school district which contained this clause:

> "When said land and house is abandoned and not used for school purposes same is to revert back to the grantors, their heirs and assigns."

The Knox county board of education has purchased another lot and erected thereon a brick schoolhouse, and has ceased to use the house and lot in question for school purposes, and it is conceded by appellees, who constitute the Knox county board of education, that the house and lot will be sold if the board of education is adjudged to be the owner thereof.

In Duncan v. Webster County Board of Education, 205 Ky. 86, 265 S. W. 489, a one-acre tract of land was conveyed to trustees of a school district, and the deed contained a provision that when the property was no longer used "for the purpose of maintaining thereon a public school, the said one acre of land should revert to the tract of land, or to the person then owning and possessing the said tract of land," and it was held that the attempt to vest the reversionary right in whoever happened to own the original tract was plainly violative of section 2360, Kentucky Statutes, which reads:

> "The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter."

In discussing the effect of the limitations and conditions contained in the deed in the Duncan case, the court said:

> "That the absolute power of alienation possibly was suspended by these limitations and conditions for a period longer than during the continuance of a life or lives then in being and 21 years and 10 months thereafter is obvious, since the lot might have been used for school purposes for a much longer time, and during such time, whatever its length, not only was it impossible for the school board to make absolute title to the lot, but there was no one else, who joining

with it, could do so; nor any one even with power to release or quitclaim the limitation or condition attached to its title.''

In the instant case, however, the absolute power of alienation was not suspended. The possibility of reverter possessed by the grantors could have been released at any time unto the holder of the defeasible fee, which would have resulted in vesting the fee-simple title to the land in question in the grantee  Brill v. Lynn, 207 Ky. 757, 270 S. W. 20, 38 A. L. R. 1109.

It is insisted for appellees that, as no limitation was contained in the habendum clause of the deed from Eli Bowling and wife to the school trustees, a fee-simple title was conveyed.  In construing a deed the intention of the parties as appears from the whole deed must control, and it is a well-recognized rule that:

> "If the intention of the parties can be determined from the instrument when read as a whole, such intention will be effectuated as the true contract of the parties."  Stanley v. Slone, 216 Ky. 114, 287 S. W. 360.

The judgment is reversed, with directions to adjudge appellants the owners of the house and lot in question.