## Hardesty v. Coots.

Oct. 7, 1941.

W. W. Jesse for appellant.

Bernard B. Davis for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

John W. Coots died testate in 1909 a resident of Shelby County, Kentucky, and his will was duly probated. Testator first directed that his funeral expenses and just debts be paid and bequeathed all his personal property to his widow absolutely. That part of the will is not in controversy. The pertinent part of the will to be construed reads:

> "I give my home farm to my widow during her life in lieu of Dowry, 3rd, I direct my Hedden Farm to be sold with in two years the net proceeds, be equally divided between my sons Charles and Virgil the proceeds to be invested in realty in trust, After the death of my widow, My son William shall have the home farm for his use. not subject to his death, My affection for my son William is none the less. But he has had the use of my land for a number of years, In event of death of either one of my sons leaving no bodily issue, their part shall revert to my estate in trust, In case all my children die without leaving bodily issue my Brother Virgil G. Coots if living shall heir to my property.
>
> "I appoint my son Virgil G. Coots my executor and Trustee and request that the Court ask no bond I also appoint him trustee for my other two sons."

Testator left surviving him his widow and three sons, viz., Charles, William and Virgil Coots. Testator's brother, Virgil G. Coots, mentioned in the will, was living at the time of the death of the testator but he died many years ago. Also, testator's widow died sev-

eral years ago, and his son Charles died about twenty-six years ago leaving no bodily issue, and William Coots died in January, 1941, a bachelor, leaving no bodily issue, thus leaving appellee, Virgil Coots, the only surviving heir at law of testator and the only surviving person named in the will.

In January, 1941, soon after the death of William Coots, joint devisee of the proceeds of the sale of the Hedden Farm, Virgil Coots brought this action individually and as trustee under the will of testator, seeking the authority and approval of the court to sell the "home farm." He alleged that he was seventy-three years of age and physically unable to operate and cultivate the farm, and that the improvements thereon were deteriorating and would require large sums of money to make necessary repairs and that he deemed it to the best interest of the estate to sell said farm and reinvest the proceeds in urban real estate or securities; that he had advertised and offered said farm for sale at public auction January 29, 1941, and that appellant was the highest and best bidder and he entered into a contract for the sale of said farm to appellant and prayed for order and judgment of the court approving the contract of sale of the farm and authorizing a conveyance of same.

It appears that the petition of the plaintiff was in the nature of an ex parte proceeding, naming no one as party defendant, but merely sought the authority and approval of the court to sell the real estate. However, appellant, Gilbert Hardesty, filed his intervening petition asking to be made a party defendant and asked that same be treated as his answer, which was accordingly done and so treated by the parties and the court. Appellant admitted that he entered into the contract with plaintiff to purchase the land and alleged that he was willing and able to comply with the terms of the contract provided he could get a fee simple title to the land. He further alleged, however, that plaintiff had no individual and other interest in the land under the provisions of the will of the testator and does not now hold said land as trustee for himself or for any other person; that after the death of testator's son, William Coots, who was devised a life estate in said land by the will of testator, the land descended to the next heirs at law of the testator other than the plaintiff and said next heirs at law are not made parties to the proceeding, and that any order

or judgment of the court approving the sale of the said land to him and followed by deed of conveyance to him by plaintiff individually or as trustee under the will of testator, will not vest him with a fee simple title thereto. He prayed that the court adjudge that plaintiff was without legal power to institute or maintain his proceeding authorizing a conveyance of said land either individually or as trustee, and for all proper and equitable relief. Demurrers were filed to both the petition and answer, which demurrers were overruled and the case submitted upon the pleadings and the following stipulation of facts:

"The wife of the said John W. Coots is dead, having died long before the commencement of this litigation; Charles Coots, son of testator, John W. Coots, died without issue before the institution of this litigation; William Coots, son of the testator, John W. Coots, died without issue before the institution of this litigation; Virgil G. Coots, the brother of the testator, named in the will, died without issue long before the institution of this litigation; the plaintiff, Virgil G. Coots, is the sole surviving issue of the testator, John W. Coots. All of the events referred to herein as having occurred before the institution of this litigation occurred before the sale of the real estate to the defendant Hardesty."

The chancellor adjudged that the share of William Coots in the estate of the testator, to-wit, the "home farm," being the same land sought to be sold by Virgil G. Coots, reverted to the estate of the testator upon the death of William Coots to whom it was devised after the death of testator's widow, and thereupon became vested in Virgil Coots who is the only surviving issue of the testator and he is now the owner of said farm, he having received fee simple title thereto under the statutes of descent and distribution as the only beneficiary of the estate of testator upon the death of William Coots without issue.

The chancellor dismissed the intervening petition which was made the answer of appellant, and approved and confirmed the contract of sale and adjudged that appellant comply with the terms thereof.

There is no contention, nor could there well be, that the estate or heirs of Virgil G. Coots, Sr., brother of

testator, took any interest in the property involved under the will of the testator, since he predeceased a part of, if not all, the children of the testator. The only question raised in brief for appellant relates to the construction of that sentence of the will which says, ''In event of death of either one of my sons leaving no bodily issue, their part shall revert to my estate in trust.''

Counsel for appellant insists that the above quoted sentence is ambiguous, since it is not clear whether testator meant that the interest of the one so dying without bodily issue would revert to his estate in trust for the benefit of the surviving children, or whether he meant that none of his children should take more than a life estate in any event and the reversion provided for in the will was intended for the benefit of the testator's next heirs at law other than Virgil Coots or other surviving children of testator.

The will is crudely drawn but as a whole we do not find it susceptible of the construction contended by appellant. We find nothing in the will to warrant the conclusions that testator intended to devise only a life estate to any of his children in any event and thereby disinherit them of the fee and vest it in collateral kin rather than in the issue of his body.

It is our view that since the trust created by the testator was for the benefit of his estate, upon the death of William Coots the home farm reverted to testator's estate and, since Virgil Coots is the only surviving child of testator, naturally he is now heir to the whole estate under the statutes of descent and distribution. Kentucky Statutes, Section 1393 et seq.

A contingent reversion to the estate of a testator or grantor is valid and reverts to the estate upon the occurrence of the contingency or event, even though the testator or grantor may have died before the occurrence of the event, and such property or interest therein then becomes a part of the estate. Fayette County Board of Education et al. v. Bryan et al., 263 Ky. 61, 91 S. W. (2d) 990, and cases cited therein.

It follows, therefore, that the chancellor's judgment is correct.

Judgment affirmed.