Carroll County Academy v. The Gallatin Academy Company.

---

CASE 82—EQUITY—NOVEMBER 1.

# Carroll County Academy v. The Gallatin Academy Co.

104  621
f135  344

APPEAL FROM CARROLL CIRCUIT COURT.

DEED—CONSTRUCTION OF—CONDITION SUBSEQUENT—COVENANT.—A deed containing a *habendum* clause in this language: "To have and to hold same unto the said parties of the second part, their heirs and assigns forever, on condition and in trust that they shall erect and put up a suitable building, or buildings, for a school, or seminary of learning, and that same shall always be devoted to school purposes, whether retained by said association or be passed into the hands of others," created a covenant

and not a condition subsequent the failure to comply with which worked a forfeiture of the estate.

WINSLOW & WINSLOW FOR APPELLANTS.

1. The Gallatin Academy Company (the plaintiff in the action) is dead. It was abandoned and dissolved over thirty years ago, and has had no existence since that time. This is alleged in the answer and is taken as true from the plaintiff's failure to deny it. Civ. Code, sec. 126; Bigelow on Estoppel (3d ed.), 484.

2. The appointment of the plaintiff trustees was null and void; consequently they have no standing in court to maintain this action.

3. No cause of action is stated in the petition. The clause of the deed upon which plaintiffs must rely to work a forfeiture is not a condition subsequent, but is a mere covenant for a breach, of which damages only, and not a forfeiture, can be had. But, even if it be granted that the clause in question constitutes a condition subsequent, no breach of condition is alleged. 4th Kent. Com. (12th ed.), side page 129, 131, 133, note a; Rawson School District, 7 Allen, 125; 83 Am., Dec., 670; 3 Rapalje's Digest, 1095-6; Green v. O'Connor, (R. I.), 19 L. R. A., 262.

4. Plaintiffs have no power or authority or any right to maintain an action for the dissolution of the defendant corporation, or for the annulment or forfeiture of its charter. Such an action must be brought at law and can only be brought by the state or a stockholder of the defendant corporation. Chambers v. Baptist Educational Society, 1 B. M., 215; 4 Am. & Eng. Enc. of Law, 302-3-4-5-6, and note, page 303; Pauline v. Portuguese, 20 L. R. A. (R. I.), 272; Beach on Corporations, secs. 51-2; Parker, &c., v. Bethel, &c., 31 L. R. A., 706 (Tenn.); Harrison v. Lexington & Frankfort R. R. Co., 9 B. M., 470.

5. Aside from all these matters, the proof fails to show a breach of condition of the deed, if construed to contain a condition.

6. The defendant is not the trustee for or of a charity. And plaintiffs are not donors of or to a charity. 3 Am. & Eng. Enc. of Law, 132, 133; 4 Kent Com., s. p. 465-6; Tiedeman on Real Property, sec. 801; Bispham's Equity, sec. 128. Even assuming that defendant is a mere trustee of a charity, and that plaintiffs are donors of a charity and that a breach and purpose of the gift has failed, there is still no law or authority whatever which will authorize plaintiffs to recover the property and not re-imburse

Carroll County Academy v. The Gallatin Academy Company.

the defendant to the extent of the present value of the improvements. 2 Perry on Trusts (3d. ed.), sec. 744.

J. J. ORR, J. A. DONALDSON, AND R. W. MASTERSON FOR APPELLEE.

The conveyance by appellee to appellant was a charity without a consideration paid, and there was an entire failure of the objects and purposes of said conveyance. Consequently, the property reverted to donor. Ky. Stats., sec. 317; Story's Eq. Jur., sec. 1192a; Gibson v. Armstrong, 7 B. M., 481; McDaniel v. Watson, 4 Bush, 234; Morrow v. Slaughter, 5 Bush, 330.

R. W. MASTERSON FOR APPELLEE IN A PETITION FOR REHEARING. (J. A. DONALDSON AND J. J. ORR, OF COUNSEL.)

Citations: Ky. Stats., sec. 317; Gibson v. Armstrong, 7 B. M., 481; Morrow v. Slaughter, 5 Bush, 330; Kennedy v. McElroy, 92 Ky., 72; Alexander v. de Kermel, 81 Ky., 345.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Plaintiffs allege that they are the trustees of the Gallatin Academy, by appointment of the Carroll County Court; that their corporation was the owner of a lot of ground in the town of Carrollton, which was unimproved by suitable buildings, and that in the year 1859 they conveyed this lot to the defendant, for a nominal consideration, upon condition that it should erect thereon suitable buildings for a high school, and that it should always thereafter be devoted to school purposes, whether retained by defendant, or be passed into other hands; that the deed was accepted, and suitable buildings erected on the lot for school purposes, by the defendant, and that a school was maintained there for many years; but that the defendant had abandoned the property for school purposes, and had failed for more than two years before the institution of their suit to have a school kept in the building, and it is claimed that they thereby violated the conditions of the trust. And they further allege that the charter of the defendant com-

pany provides that the corporation may be dissolved with the concurrence of four-fifths of the stockholders, or for the failure for two consecutive years to maintain a school in connection with the defendant association; and they plead that by reason of such failure defendant has forfeited its right to the property, and they ask for a restitution of the lot to them, and for a dissolution of the defendant corporation. A copy of the deed is filed with the petition, the *habendum* clause of which is in these words: "To have and to hold same unto said parties of the second part, their heirs and assigns, forever, on condition and in trust that they shall erect and put up a suitable building or buildings for a high school or seminary of learning, and that same shall always be devoted to school purposes, whether retained by said association or be passed into the hands of others." The defendant demurred generally to the petition, which was overruled, and it then filed its answer, in which it denied that such a corporation as the Gallatin Academy has existed since the time the trustees conveyed the lot to it, in 1859; denied that the County Court of Carroll county had the power to appoint trustees for such corporation, or that it has done so; and denied that it has abandoned the use of the property for school purposes, on made any other use thereof. Plaintiffs, in their reply, aver that the defendant accepted the deed to the lot in question from the trustees, who were appointed by the Carroll County Court exactly as they were, and plead that the defendant is estopped to deny the existence of the corporation, or the power of the court to appoint trustees of the Gallatin Academy, after the acceptance of such conveyance. The pleadings being made up, proof taken, and the case submitted for judgment, the chancellor adjudged that the defendant had failed to carry out the purposes and

objects of the conveyance and the terms of its charter, and that the conveyance of the lot being without consideration, and for a charitable purpose, the property reverted to the Gallatin Academy; and this appeal is prosecuted to reverse that judgment.

By the acceptance of the deed from the Gallatin Academy, defendant obligated itself to erect on the lot conveyed therein suitable buildings for a seminary of learning, and covenanted with the grantors that the property should always be devoted to school purposes; and the petition alleges that defendant, in conformity with this condition of the deed, did erect the buildings required. And the only question left for the determination of the court, under the averments of the petition, is, has the property been abandoned for school purposes, and used by the defendant for other purposes inconsistent with the terms of the deed? And, if so, are the plaintiffs entitled to have the property restored to them, as the successors of the trustees of the Gallatin Academy, who executed the deed to defendant in 1859?

The clause of the deed upon which appellees must rely to work the forfeiture asked for herein, even it it be conceded that they are entitled to maintain this action, is not a subsequent condition of ownership, but a mere covenant on the part of the defendant that the property should not be diverted from school purposes, and for the breach of which forfeiture does not lie. It is a rule of law that conditions subsequent are not favored, because they tend to destroy estates; and, if it be doubtful whether a clause in a deed be a condition or a covenant courts will incline to the latter construction. See 4 Kent, Comm. (12th Ed.), pp. 129, 130; 3 Rap. Dig., sections 1095, 1096; and Rawson v.

[40]

School District, 83 Am. Dec., 670. A full and intelligent discussion of this question is found in the recent case of Greene v. O'Connor (decided by the Supreme Court of Rhode Island) (19 L. R. A., 264) [25 Atl., 692]. The clause of the deed discussed in that case reads as follows: "This conveyance is made upon the condition that the strip of land shall be forever kept open and used as a public highway, and for no other purpose." And the court held it to be a covenant, and not a condition, saying: "We do not think the clause quoted created a condition subsequent. Conditions subsequent, as is well understood, are not favored in law. A deed will not be construed to create an estate on condition, unless language is used which, according to the rules of law, *ex proprio vigore,* imports a condition, or the intent of the grantor to make a conditional estate is otherwise clearly and unequivocally indicated. If it be doubtful whether a clause in a deed be a covenant or a condition, courts will always lean against the latter construction. The clause in question is merely a declaration of the purpose for which the land conveyed was to be used and improved, to-wit, as a public highway. It contains no language which imports that the grant shall be void in case the purpose for which the land is conveyed is not carried out; nor does it reserve to the grantor and their heirs the right, in that event to re-enter on the land, and resume possession of it as of their former estate. Moreover, the purpose is, in its nature, general and public, and not one inuring specially to the benefit of the grantors. Such a declaration does not create an estate on condition, but merely imposes a confidence or trust on the land, or raises an implied agreement on the part of the grantee to use the land for the purpose specified." In the case at bar, as in the case above quoted, the deed contains no

language which imports that the grant shall be void in case the purpose for which the land was conveyed is not carried out; nor does it reserve to the grantor the right in that event to re-enter on the land, and resume possession of it as of their former estate.   In Raley v. Umatilla Co.. 15 Or., 172, [3 Am. St. R., 142; 13 Pac., 890], the Supreme Court of Oregon held that "a conveyance in consideration of $1, to hold for the special use, and none other, of conditional purposes, does not make a condition subsequent."   In Curtis v. Topeka Board of Education, 43 Kan., 138, [23 Pac., 98], the Supreme Court of Kansas held that "a conveyance of land to a school board and their successors forever for the erection of a school house thereon, and no other purpose, makes only a limitation on the use of the property, and not a condition subsequent."

Nor can the judgment appealed from be upheld upon the theory that the plaintiffs are the legitimate successors of the donors of a charity which has failed.   They do not seek to recover upon such a theory, as they do not allege that they gave the lot as a charity, but, on the contrary, aver that they sold it for a valuable and presumptively commensurable consideration, without any condition as to reversion to them.   This is clearly shown by the *habendum* of the deed, quoted *supra*.   There is no testimony in the record which conduces to show that the defendant has abandoned the property in question for school purposes, or made any use thereof inconsistent with the terms of the deed.   The mere facts that the buildings had become somewhat out of repair, and that no school had been taught therein for a few years, do not amount to an abandonment of the property under the covenant of the deed under which defendant holds.   And if, as a matter of fact, the defendant has abused its trust, and appropriated the

trust property to its own use, or diverted it from the purposes for which the lot was conveyed and the buildings erected, the remedy for any person having a right to institute suit is an action to have the trustees removed. Mr. Perry (2 Perry, Trusts [3d Ed.], section 744), says: "If the trustee of a charity abuse the trust, misemploy the fund, or commit a breach of the trust, the property does not revert to the heir or legal representative of the donor, unless there is an express condition of the gift that it shall revert to the donor or his heirs in case the trust is abused; but the redress is by bill or information by the attorney-general, or other person having the right to sue. If a good public charity is created by gifts upon condition or limitations, or by gifts for particular purposes, or to a certain end, the heir can not defeat the charity by reason of a breach of the trust or perversion of the charity; but the courts, upon proper proceeding, will correct all abuses, and restore the charitable gift to its original purpose. Heirs and personal representatives of a donor have no beneficial interest, reverting or accruing to themselves, from the breach or non-execution of a trust for a charitable use."

In view of the conclusions we have reached on this question, it will be unnecessary for us to express an opinion upon the validity of the appointment by the County Court of Carroll county of plaintiffs as trustees of the Gallatin Academy, or of their prayer for a dissolution of defendant's charter. But for the reasons indicated the judgment is reversed, and the cause remanded, with directions to dismiss the petition.