## Wright & Taylor, Inc. v. County Board of Education, Bullitt County.

(Decided January 16, 1913.)

### Appeal from Bullitt Circuit Court.

Deeds—Construction—Conditions and Restrictions—Fee Simple.—In a deed conveying real estate, the use of which was therein expressly restricted to "school purposes," such restriction where the grantor received full value therefor, was not induced to make the conveyance in order that the property should be used for school purposes, and did not insert any provision for its reversion, upon cessation of use for that purpose, is a covenant merely and not a condition subsequent; and the deed vested the grantee with fee simple title to the property thereby conveyed.

T. C. CARROLL, for appellant.

J. R. ZIMMERMAN, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This appeal involves the question, whether or not School District No. 31, Bullitt County, owned the fee simple title to a certain tract of land. The property was conveyed to the trustees of the district, their successors and assigns, by the following writing:

"This indenture made and entered into this 30th day of July, 1886, by and between W. E. O'Bryan, of the first part, and James O. Hagan and O. S. Allen, trustees of the School District No. 31 in Bullitt County, Kentucky, and their successors in office, of the second part,

Witnesseth: That the first party, in consideration of the surrender to him of an unrecorded deed for a lot heretofore conveyed to the trustees of said district by him and the further consideration of twenty-five dollars due and payable four years from this date, bearing six per cent interest from date until paid, and to secure the payment of same a lien is retained on the land herein conveyed, has granted, bargained and sold, and hereby sells, conveys and delivers to the second party and their successors in office forever, with covenant of General Warranty, the following piece of land in Bullitt County, Kentucky, bounded as follows:

(Here follows description).

To have and to hold the same unto the said second party, their successors in office, forever, to be used only for school purposes.

It is understood that the second parties are not individually responsible for the $25.00 herein named, but the first party agrees to look to his lien on the land herein conveyed and to such school funds and taxes as may be subject to the payment of the same.

Witness my hand this the day and date first herein written."

"W. E. O'Bryan."

Under this conveyance the trustees took possession of the property, held and used it for school purposes until some time in 1912, when they sold it to appellant, Wright & Taylor. It appears that the question was raised as to the right of the trustees to convey the fee simple title to said property. In order to have this determined, an agreed suit was filed in the Bullitt circuit court, in which all the facts were set forth and the opinion of chancellor, as to the right of the trustees to sell, was sought. Upon consideration, he held that the fee simple title to said

property was in the trustees, and that their right to sell and convey same was perfect. The purchaser appeals.

If the language in the deed "to be used only for school purposes" is to be treated as a condition subsequent, the judgment should be reversed; if it is a mere covenant, the judgment is correct.

It appears that the district, at the time of the purchase of this property in 1886, paid its full value. There is no language in the deed which would indicate that the grantor was moved to make the conveyance, in order that the property should be used for school purposes. There is no provision that, in the event it ceased to be used for such purpose, it should revert to the grantor or his heirs. It appears that this language was inserted in the deed as descriptive merely of the purpose for which it was to be used, and being such, it must be treated as amounting to a covenant merely, and not a condition subsequent.

In Carroll County Academy v. The Gallatin Academy Co., 104 Ky., 621, this court had under consideration a deed, in many respects, similar to that presented here. The habendum clause in that deed read as follows: "To have and to hold same unto said parties of the second part, their heirs and assigns, forever, on condition and in trust that they shall erect and put up a suitable building or buildings for a high school or seminary of learning, and that same shall always be devoted to school purposes, whether retained by said association or be passed into the hands of others. There, as here, the sole question was: What title did the trustees have, under and by virtue of the deed? The court, in determining this question, said:

"The clause of the deed upon which appellees must rely to work the forfeiture asked for herein, is not a subsequent condition of ownership, but a mere covenant on the part of the defendant that the property should not be diverted from school purposes, and for the breach of which forfeiture does not lie. It is a rule of law that conditions subsequent are not favored, because they tend to destroy estates; and, if it be doubtful whether a clause in a deed be a condition or a covenant courts will incline to the latter construction." Citing: 4 Kent Comm. (12th Ed.) pp. 129, 130; 3 Rap. Dig., sections 1095, 1096; Rawson v. School District, 83 Am. Dec., 670; Greene v. O'Connor, 19 L. R. A., 264; Raley v. Umatilla Co., 15 Or., 172; and Curtis v. Topeka Board of Education, 43 Kan., 138. These authorities are conclusive of the question here.

Judgment affirmed.