## Bridwell v. McGrew et al.

(Decided March 8, 1929.)

TODD & BEARD and THAD CHEATHAM for appellant.

H. B. KINSOLVING, JR., R. F. PEAK and L. W. ROSS for appellees.

Opinion of the Court by Judge Rees—Reversing.

Some time prior to 1891, Robert McGrew gave orally to the trustees of the Waterford school district in Spencer county one-fourth acre of land for school purposes. A schoolhouse was erected thereon and a school conducted there under the supervision of the trustees of the district and their successor, the Spencer county board of education, until June, 1925, when the board of education conveyed the property to appellant, H. E. Bridwell. On July 30, 1926, appellees, the children and heirs at law of

Robert McGrew, who had died intestate, brought this action to recover the land.

They claim that the land reverted to the grantor when it was no longer used for school purposes, and that the county board of education had no vendible title to the property. In 1896 Robert McGrew conveyed to appellant's father the balance of a 13-acre tract of land of which the tract in controversy had been a part. The deed from McGrew to Bridwell contained this provision: "But one-fourth of an acre is reserved for the public school building lot and is not herein conveyed. Said lot is within the above boundary and in the northeast corner of same." The case was submitted on the following agreed statement of facts:

"It is agreed that some time prior to the year 1891, Robert McGrew gave the land described in the petition, orally, to the Waterford School District, for the purpose of erecting thereon a schoolhouse; that shortly thereafter the trustees of said district did erect a schoolhouse on said land and said land continued to be used by said School District for school purposes until same was taken over by the Spencer County Board of Education; that said Waterford School District claimed said property as a part of said district for school purposes and they used same for said school purposes until it was taken over and possessed by the Spencer County Board of Education; and that said Spencer County Board of Education used said property for school purposes and claimed same as the property of the Spencer County Board of Education until it was conveyed to the defendant by the deed filed with this defendant's answer in 1925; that both plaintiffs and defendant claim title from the same source, that is, from Robert McGrew."

The lower court adjudged the plaintiffs the owners of the land, and the defendant has appealed.

It is well settled that, where there is a parol gift of land, accompanied by an actual possession for fifteen years, or over, with claim of ownership, such possession ripens into title, and the donor cannot recover the land. Under a parol gift, possession of the donee is adverse from its inception. Big Blaine Oil & Gas Co. v. Yates, 182 Ky. 45, 206 S. W. 2; Taul v. Brickey, 187 Ky. 375,.

219 S. W. 430; Layne v. Norman, 188 Ky. 317, 221 S. W. 869.

It is insisted, however, that the board of education at most only acquired title to the land for school purposes, and that, when it ceased to use the land for such purposes, it reverted to the grantor or his heirs. The only purposes for which the trustees of the school district or their successor, the county board of education, could hold the land was for school purposes, but they could acquire a fee-simple title to land to be used for the purposes permitted. The title of the trustees, at the expiration of fifteen years from the date they took possession under the parol gift, was the same they would have acquired had the grantor deeded them the land for school purposes. The words for "school purposes" are merely descriptive of the nature of the only use to which school trustees may put any property held by them, and does not have the effect of creating a limitation on the fee. In Binder v. County Board of Education, 224 Ky. 143, 5 S. W. (2d) 903, we quoted with approval the following from Phillips Gas & Oil Co. v. Hillis Lingenfelter et al., 262 Pa. 500, 105 A. 888, 5 A. L. R. 1495:

> "The words upon which the appellant relies as debasing the fee are merely superfluous and not expressive of any intention of the parties to the conveyance as to the effect to be given to it. The directors of the school district could not have purchased the lot for any other purposes than that named in the deed, and their acceptance of it with the insertion in it of the words 'for school purposes only' was a needless admission by them that they were acting within the powers conferred upon them by the act of assembly. It was simply that, and nothing more, and the deed, in all other respects admittedly conveying an absolute estate, is not affected by them."

We are not unmindful of the rule that property donated for religious and charitable purposes reverts to the donor when the purpose for which it was originally donated fails, but here the purpose for which the property was donated has not failed. Conceding that a gift of property for school purposes is a charitable gift, it must be shown that the purpose for which the gift was made has wholly failed before a reverter is allowed. The Legis-

lature has provided a continuing trustee to hold the title to property used for public school purposes, and there can be no reverter so long as the property and its proceeds are used for such purposes. In Trustees of Lone Oak Graded School District v. Gentry, 220 Ky. 703, 295 S. W. 1063, the trustees of the graded school conveyed a tract of land and the building thereon to the McCracken county board of education; the consideration being that the board of education should keep and maintain a graded and high school in the building located on the ground conveyed. In determining the right of the board of education to sell the property, we said:

> "It will be observed that there is no provision in the deed for a forfeiture or reversion to the grantor in the event the property ceases to be used for school purposes. There are no technical words applicable to a conditional estate, and there is nothing to indicate an intent that the land shall revert to the grantors if the obligation is not performed. The law does not favor forfeitures, and provisions in a deed or will relating thereto are strictly construed. In line with this rule, it is well settled that conditions are imposed only by the express terms of the instrument, or by necessary implication from the language used, and unless it clearly appears that it was the intention of the parties to create a conditional estate the title will vest in the grantee."

Had Robert McGrew deeded the property in question to the school trustees without using the words "for school purposes," it could not be contended that the trustees cannot dispose of it, although the conveyance was a gift. As we have hereinbefore stated, the use of the words "for school purposes" neither adds to nor detracts from the effect of the conveyance. These words are superfluous, and only express what are the rights and duties of school trustees as to all property held by them as such trustees. There is nothing in this case to indicate that the parties understood that the title to this one-fourth acre of land was being acquired only so long as a school was maintained on that particular lot or the identical land was retained intact. The distinction between the rules applicable to charitable gifts and conveyances for a valuable consideration, when the trust fails, does not come into play until the trust does fail, and that has

not occurred here, and cannot occur while the public school system is maintained.

We are of opinion that the Spencer county board of education acquired the fee-simple title to the lot in question, and that its deed passed a good title to appellant.

Judgment reversed, with directions to dismiss plaintiff's petition.