## Williams et al. v. Johnson, Governor, et al.

Oct. 4, 1940.

William B. Ardery, Judge.

W. E. Darragh and R. W. Keenon for appellants.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

On June 19, 1798, Harry Innis conveyed to James Garrard, the Governor of Kentucky, two lots in the city of Frankfort for the recited consideration of five shillings, the deed concluding with the following provision:

> "provided, nevertheless, that the said lots or parcels of land and every part thereof shall be applied to the special purpose of erecting a jail and Penitentiary House and other appendages thereon and for affording yards and gardens thereto and for no other purpose whatsoever."

This action was filed by the appellants, as heirs at law of Harry Innis, against the present Governor of Kentucky, and against certain other heirs at law of Harry Innis, alleging that the lots conveyed by the deed have ceased to be used as a jail or penitentiary but that there is now being erected on said property an office building and that the lots are now being used for pur-

poses other than specified in the deed; that as heirs of Harry Innis the lots revert to them pursuant to the provision contained in the deed and that they are entitled to the immediate possession thereof. The trial court sustained the demurrer to the petition and dismissed it and from that judgment this appeal is prosecuted.

The parties are agreed that the decision of the case hinges on whether or not the quoted proviso in the deed is to be construed as a covenant or as a condition subsequent since, if the clause in controversy is a covenant there is no reverter of the land to the grantor's heirs, while, if the language was sufficient to create a condition subsequent, there would be one. The appellants cite and rely on numerous authorities which would be persuasive and, indeed, practically controlling if the deed in question were a conveyance to an individual for a private purpose and as a matter of fact some of the authorities cited would be rather persuasive even as to the deed in controversy, which conveys land for a public purpose, if we were confined to the deed itself in determining the intention of the parties. After all, all the authorities cited are directed towards ascertaining the intention of the parties and this in every case, of course, is the controlling factor. If a covenant was intended by the parties, of course the controversial language would be construed to be a covenant and if a condition subsequent was intended the language would be so construed since after all the court in construing a written instrument seeks only to ascertain the intention of the parties.

At the outset it must be conceded that the use of the word "provided" preceding language limiting the use for which the land is conveyed is generally held to create a condition unless a different intent appears from the instrument. Board of Councilmen v. Capitol Hotel Co., 188 Ky. 754, 224 S. W. 197; City of Stockton v. Weber, 98 Cal. 433, 33 P. 332; Voorhees v. Jackson ex dem. Bank, 10 Pet. 449, 471, 9 L. Ed. 490; Bouv. Law Dict., Rawle's 3d Rev., Title Proviso; 50 C. J. 830. And it is not absolutely essential that express language should be used creating a reverter since a reverter will in the proper case be implied. For instance, in Grundy et al. v. Neal et al., 147 Ky. 729, 145 S. W. 401, 402 where the land was conveyed "for the express purpose of there being a Union Church built thereon to be used by four denominations" it was held that the land auto-

matically reverted to the grantor when the purpose for which it was conveyed had failed since this was a voluntary conveyance for a charitable purpose. This case is relied on particularly by the appellants but does not appear to be controlling for the reason that it falls within that class of cases pointed out by the court as being a voluntary conveyance for charitable purposes. The appellants also place great stress on Fayette County Board of Education et al. v. Bryan, 263 Ky. 61, 91 S. W. (2d) 990, 992 in which property was conveyed to a school district "so long as it is used for a school" but it was pointed out by the court that this clause limited the purpose and granted an estate for such time only as it was so used and distinguished the case from Wright & Taylor v. County Bd. of Education of Bullitt County, 151 Ky. 560, 152 S. W. 543 and Bridwell v. McGrew, 228 Ky. 334, 14 S. W. (2d) 1085, in which property was conveyed to school districts to be used only for school purposes, the holding in these latter cases being that such a clause was merely declaratory of the purpose for which the land was conveyed and did not have the effect of limiting the estate granted or rendering it liable to divesture upon a departure from the use specified. Nor do we regard Laurel County v. Howard, 189 Ky. 221, 224 S. W. 762, and other similar cases relied on by appellants as having any direct bearing on the present controversy since those cases merely held that the grant of a right of way to a railroad company is the grant of an easement merely and that the fee remains in the grantor.

The last two cited cases together with Carroll County Academy v. Gallatin Academy Company, 104 Ky. 621, 47 S. W. 617, are strongly relied on by the appellees but we do not regard them as controlling since the basis of these decisions was that the conveyance was for the particular purpose for which the grantees could lawfully take title and that therefore the declaration that the conveyance was for school purposes should not be construed as qualifying a prior grant of the fee. Nevertheless we regard these cases as very persuasive because, by an act of the Legislature hereinafter mentioned, a limitation as to the purpose for which title could be taken was imposed by the act on the Governor in taking title for the State to such land as the grantor, Harry Innis, might select for jail and penitentiary purposes. The same considerations are applicable to the case of

Stuart v. City of Easton, 170 U. S. 383, 18 S. Ct. 650, 42 L. Ed. page 1078, decided by the Supreme Court in construing the law of Pennsylvania.

In 8 R. C. L. page 1103 we find the following statement of the law concerning declarations in deeds that the grant is for a particular and special purpose, this text being sustained by the many authorities there listed:

"A condition will not be raised by implication from a mere declaration in the deed that the grant is made for a special and particular purpose without being coupled with words appropriate to make such a condition. Such recitals are usually construed as giving rise, at most, to an implied covenant that the grantee will use the property only for the specified purpose. They are merely to restrain the generality of the preceding clauses, and in the case of sales to municipal and other corporations are considered as having been inserted merely for the purpose of showing the grantee's authority to take, even though the authorization under which the land is taken itself limits its use to the purpose specified, and it has been suggested that the probability of the grantor's knowledge that the property might subsequently become unsuitable for the purpose specified may tend to the conclusion that he intended a mere covenant."

And later in the same text it is said that "examples of the application of the rule that a mere recital of purpose does not import a condition will be found in grants for the erection of various public buildings."

In Greene v. O'Connor, 18 R. I. 56, 25 A. 692, 693, 19 L. R. A. 262, one of the cases referred to in the R. C. L. text, the Rhode Island court, in holding that the clause in the deed was a covenant and not a condition subsequent, said:

"A deed will not be construed to create an estate on condition unless language is used which, according to the rules of law, ex proprio vigore, imports a condition, or the intent of grantor to make a conditional estate is otherwise clearly and unequivocally indicated. If it be doubtful whether a clause

in a deed be a covenant or a condition, courts will always lean against the latter construction. \* \* \*

"The clause in question is merely a declaration of the purpose for which the land conveyed was to be used and improved, to-wit, as a public highway. \* \* \*

"It contains no language which imports that the grant shall be void in case the purpose for which the land is conveyed is not carried out; nor does it reserve to the grantors and its heirs their right, in that event, to re-enter on the land, and resume possession of it as of their former estate.

"Moreover, the purpose declared is in its nature general and public, and not one inuring specially to the benefit of the grantors."

In Coffin v. City of Portland, 16 Or. 77, 17 P. 580, 582, in construing a provision in a deed conveying land for a public purpose the court said:

"Although a deed contain a clause declaring the purpose for which it is intended, the granted premises shall be used, if such purpose will not inure specially to the benefit of the grantor, but is in its nature general and public; and if there are no other words in the grant indicating an intent that the grant is to be void if the declared purpose is not fulfilled, such a clause is not a condition subsequent."

The latter authorities dealing with conveyances made for public purposes are very persuasive even though we were confined to construing the deed in controversy only as it appears on its face without reference to other circumstances hereafter mentioned, but we find it unnecessary to adopt specifically the holdings in those cases since we have in the present controversy other considerations convincing us that the controversial language in the deed in question was merely declaratory of the purpose for which the land was conveyed and was not intended by the parties to have the effect of limiting the estate granted or rendering it subject to divestiture upon departure from the use specified, the other considerations referred to being facts appearing in an

act of the Legislature pursuant to which the deed was executed.

By Section 18, Chapter 4 of the Acts of 1798, Harry Innis, the grantor in the deed, together with other persons, was appointed commissioner to select a site for the erection of a jail and penitentiary and for the purchase of land for that purpose, and it was provided that the land when purchased should be conveyed to the then Governor and his successors for the use of the Commonwealth *for such purposes.* Thus Innis the grantor in the deed, was acting as commissioner under this legislative authority when he conveyed the land in controversy on which the penitentiary was built. This situation makes it appear rather clearly that the purpose of the controversial language in the deed was merely to declare the purpose for which the conveyance was being made. Under the legislative authority being exercised by the grantor, Innis, he was required to see that the land was conveyed to the Commonwealth for the purposes specified, namely, a jail and penitentiary, and it is entirely logical to presume that in inserting the language in controversy in the deed he was merely performing the official duty imposed on him of seeing that the conveyance was made for the purposes mentioned in the act. Especially does this seem true since he was acting in a dual capacity, as grantor in the deed and as commissioner to secure the conveyance. In these circumstances it was his duty under the act to see that the conveyance was made for the purposes specified and no doubt the controversial proviso in the deed was inserted for the purpose of establishing that he was carrying out the provisions of the act authorizing him to select the site. In the circumstances revealed here we think it entirely illogical to assume that Innis, the grantor, intended to bind the Commonwealth to maintain a penitentiary on this property forever or that it could never be used for any other purpose by the State. Certainly, in the circumstances, if he intended that the land should revert to him or to his heirs in the event of a departure from the use specified it was obligatory on him to insert in the deed an express provision to that effect and, having failed to do so, no such provision will be implied.

Judgment affirmed.

Judge Rees did not participate in this decision.