## Devine et al. v. Isham.

Nov. 29, 1940.

W. H. Spragens, Judge.

Errol W. Draffen, W. Earl Dean and R. L. Wathen for appellants.

Polin & Polin for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

In the year 1886, Brazeal Parrott and wife conveyed to Common School District No. 22, Washington County, three-quarters of an acre of land. So much of the deed as is pertinent to the controversy here, reads:

> "* * * do convey to the party of the second part a lot of land * * * supposed to be about three-fourths of an acre, * * * on which the new school house or site now stands in said district, but for no other purpose whatever, and not to be conveyed by second party to use, or uses of no individuals.

> "To have and to hold the same to the second party for uses herein set forth, * * * with or on conditions specified above, with a lien on the land until the building is paid for."

The consideration, as stated in the deed, is in somewhat confusing words and terms, thus:

> "* * * for and in consideration of ten dollars, one dollar paid in hand, and the other nine will be a receipt against all taxes that may be levied, to build the school house in said district, the one dollar is all that has to be paid out except taxes, for building purposes, the receipt of which is hereby acknowledged."

At some undisclosed date prior to 1938, and after

the death of grantors, the schoolhouse burned and the lot was abandoned. At another undisclosed date in 1938, the County Board of Education conveyed the lot to appellee and he took and was in possession of same at the time of the institution of the suit in 1939. The suit was instituted by twenty or more children and grandchildren of original grantors, who sought to have the deed declared void, because of want of power in the board to convey title, since they had a limited or conditional fee. There was also a claim for $36 for fencing removed, pasturage and removal of timber.

The court sustained appellee's demurrer to the petition, and dismissed same, and as the matter is brought here for review, the sole question presented is whether or not since abandonment of the lot for school purposes the title should revert to appellants.

Counsel for appellee contends that the chancellor was correct in his ruling, since the deed on its face shows a "presumptively commensurable consideration," and that this being true, there could be no right of reverter in the absence of a specific reversionary clause, and in support of his contention relies chiefly on Murphy v. Metz, 85 S. W. 1097, 27 Ky. Law Rep. 617; McElroy v. Pope, 152 Ky. 108, 154 S. W. 903, 44 L. R. A., N. S., 1220, and opinions of similar import in cases from other jurisdictions.

When we look to those cases, and not finding fault with them, it is readily observable that they may be clearly distinguished from the instant case, and other recent decisions of this court dealing with the question of title and reverter. It is true that the McElroy case, quoting from Murphy v. Metz, held:

"Conveyances for a valuable consideration and presumptively commensurable consideration, without a reverting clause, carry good title. Further, the deed shows that the grantor was not a donor of a charity. If he had been, and there had been a failure in the object of the donation, the property would, by implied trust, have reverted." [153 Ky. 108, 154 S. W. 904, 44 L. R. A., N. S., 1220.]

Practically to the same effect is the ruling in the McElroy case, and others which might be cited, but all these opinions dealt with cases in which, upon consid-

eration of the terms and conditions of the conveying documents, it appeared that there were no words used which might imply an intention of condition, or limitation. This is made clear when we read more recent opinions dealing with the same subject, and where, as here, we were and are called upon to look to the language employed in order to ascertain the intent of the grantor, and the effect of the particular language used, which we may observe, differs in the great number of cases on the subject.

We may pass the argument that the failure to insert the specific reversionary clause is fatal, by reference to Binder v. County Board of Education, 224 Ky. 143, 5 S. W. (2d) 903; Fayette County Board of Education v. Bryan, 263 Ky. 61, 91 S. W. (2d) 990, and the more recent case of Williams v. Johnson, 284 Ky. 23, 143 S. W. (2d) 738, in each of which it is made clear that express words of reversion are not necessary to authorize a reverter upon a breach of condition. The cases referred to make it just as clear that if there are words which create a limitation or a condition subsequent, then upon failure of intended purpose the title will revert.

These cases and others, also manifest that the matter of ''commensurable consideration'' is of no import or effect, if there be specific reversion, or if there be employed such language as would show intended reversion, or failure of title in case of abandonment of purpose. The Murphy case was decided adversely to claimants on the ground that there was commensurable consideration, and no specific reversionary clause. Had the language used been susceptible of a construction indicating an implied reversion on failure of purpose, the decision would no doubt have been the same as evidenced by our later cases.

The whole matter may be well illustrated and brought to a point by reference to the terms used in cases where we have held no reversion, and such as used in cases where there the language at least justified an implied reversion, because of expressed limitation or condition subsequent. In the Binder case we said, as has likewise been said and followed in a number of other cases:

''In general, mere statements in the deed that the

property is conveyed for school purposes, or is to remain for such purposes, and similar statements, are not construed as conditions or limitations of the grant."

The effect of the use of such words is so thoroughly discussed in the Williams-Johnson case, supra, that we refrain from a repetition, but refer the reader thereto. On the other hand the effect of the use of such words as "So long as the land is used for school purposes," and words of similar meaning and import, is so discussed in the Fayette County Board-Bryan case, supra, that a further discussion would be no more than a mere matter of repetition, and we may go so far as to say that the holding of the court therein is decisive of all questions raised in the instant case, with the further suggestion that the language employed in the deed under consideration more strongly implies a reversion on the failure of purpose for which conveyed.

In the Bryan case, there were three distinct conveyances under consideration, and in two of them there appeared the reverter clause. In another there was none. In at least two of them there was commensurable consideration for the conveyances. In all three instances we upheld the ruling of the court of first instance in declaring a valid passage of title.

In the Tuttle deed the land was conveyed to the board "so long as used for school purposes." Reverter was manifested in deeds from Tuttle, and from his grantor in mesne conveyances, but we went back to the original deed and found that the language "so long as used for school purposes" constituted a limitation or a condition, which was essential if the reverter in the subsequent conveyances was to be of effect. We held in respect of each of the deeds under consideration in the Bryan case, the words, "so long as it is used for a school," created a determinable or qualified fee, subject to termination upon cessation of the use for school purposes, and created a possibility of reverter to the grantor or his heirs.

If the language employed in the deeds exhibited in the Bryan case were held to constitute limitation or condition affecting the title, there can be no doubt but that the language used in the deed in question, indicating a purpose that the property should not be conveyed

to or used by any individual, assuredly creates a limitation or condition. We fully agree with counsel for appellees that in the Metz case, supra, other cited cases, and Hughes v. Miller, 164 Ky. 449, 175 S. W. 631, 632, the true criterion is stated: "Indeed, it is a general rule that a grant of land for a specified purpose without other words does not create a conditional estate."

As the best evidence of our adherence to that well-established rule, we point to the Williams-Johnson case, supra. On the other hand, we are of the opinion that the Bryan case also lays down the rule to be applied when it may be gathered from the face of the conveying document that limitation or condition was intended.

Since we have so concluded we are compelled to reverse the judgment sustaining demurrer to and dismissing the petition, and remand the case for further consistent proceedings.