**HODGES et al. v. EDMONSON COUNTY BOARD OF EDUCATION et al.**

Court of Appeals of Kentucky.
March 27, 1953.

V. R. Logan, Brownsville, for appellant.

T. H. Demunbrun, Brownsville, for appellees.

CAMMACK, Justice.

In November, 1898, Henry M. Carroll and his wife conveyed one-half acre of land in Edmonson County to School District No. 45 by warranty deed. The consideration was "Convenience of Themselves and for the benefit of said district," and the granting clause recited that the property was conveyed "to be used exclusively for school purposes." Long Fall School was built on the land and operated until August, 1948, when the pupils were transferred to another school. The appellant, Hodges, who purchased all the Carroll lands at a judicial sale in 1940, brought this action against the school board to forfeit its title, on the ground that it had ceased to use the property for school purposes and was preparing to sell it. The Edmonson Circuit Court quieted title in the appellee, Edmonson County Board of Education, successor to School District No. 45.

The appellants contend the deed created only a "limited easement" or a "fee on limitation" or that there was a failure of consideration. They rely on Webster County Board of Education v. Gentry, 233 Ky. 35, 24 S.W.2d 910, and Fayette County Board of Education v. Bryan, 263 Ky. 61, 91 S.W.2d 990, in which this Court construed each of the deeds there involved as conveying a fee on a condition subsequent creating a possibility of a reverter. Each of the deeds involved in those two cases, however, contained a specific clause providing for a reverter when the property ceased to be used for school purposes.

More nearly in point is the recent case of Barren County Board of Education v. Jordan, Ky., 249 S.W.2d 814, 815, where the habendum clause specified that the conveyance was for "so long as a good and sufficient schoolhouse is kept thereon and used for common school purposes." We there held that the deed created a determinable fee with a possibility of reverter without regard to whether or not the reverter clause in the deed was invalid under the rule against perpetuities.

The deed in the instant case not only contains no specific reverter clause, but it also fails to provide that the conveyance was only "for so long as" it should be used for school purposes. Where a deed merely stipulates that the property is being conveyed "for school purposes" without more specific qualifying language, the deed will not be construed as creating a determinable fee with a possibility of reverter. See 1 Simes on Future Interests, section 181, p. 329; Restatement, Property, section 44m.; 19 Am.Jur., Estates, section 36, p. 496.

Thus this case falls within the rule of Williams v. Johnson, 284 Ky. 23, 143 S.W.2d 738, 135 A.L.R. 1131, and Board of Education of Taylor County v. Board of Education of City of Campbellsville, 292 Ky. 261, 166 S.W.2d 295. It is true that a money consideration was paid in Williams v. Johnson, but it has been pointed out in other cases that the mere lack of a monetary consideration in a conveyance for school purposes does not create a right of reverter. Bridwell v. McGrew, 228 Ky. 334, 14 S.W.2d 1085, and Trustees of Lone Oak Graded School District v. Gentry, 220 Ky. 703, 295 S.W. 1063. Here, of course, part of the consideration expressed was the convenience of the grantors. We conclude, therefore, that the trial court was correct in holding that the deed of 1898 conveyed a fee simple absolute, rather than an "easement" or a determinable fee with a possibility of a reverter.

Judgment affirmed.