The SCOTT COUNTY BOARD OF EDU-
CATION of Scott County, Kentucky,
Appellant,

v.

Laura Starling PEPPER et al., Appellees.

Court of Appeals of Kentucky.

March 7, 1958.

J. Craig Bradley, Jr., Georgetown, for appellant.

Louis Cox, Frankfort, for appellees.

MILLIKEN, Judge.

After abandoning the use of certain land for school purposes, the Scott County Board of Education brought this action to quiet title to the tract which had been conveyed to it in 1915 "for the purposes of a common school house, and for no other purpose." The habendum clause repeated the quoted language, and beneath the signature of the grantor are the words: "The Scott County Board of Education of Scott County, Kentucky, accepts the foregoing deed upon the terms stated therein. Scott County Board of Education." The conveyance was made in consideration of the payment of $225, and the deed was properly acknowledged by the grantor, Elizabeth P. Pepper, whose heirs now claim title to it as reversioners. The trial court adjudged the interest of the Board in the property "ter-

minated when the Board ceased to use the land for the purpose of a common school house," and set the present value of it in excess of $3,000 for the purpose of appeal.

■ The question is whether the Board obtained a fee simple title by the conveyance or some type of defeasible fee. The criteria applicable here are summarized in the Restatement of the Law of Property, Section 44, note m., pages 129–130:

"When a limitation merely states the purpose for which the land is conveyed, such limitation usually does not indicate an intent to create an estate in fee simple which is to expire automatically upon the cessation of use for the purpose named. Additional facts, however, can cause such an intent to be found. Among the facts sufficient to have this result are clauses in other parts of the same instrument, the relation between the consideration paid for the conveyance and the market value of the land in question, and the situation under which the conveyance was obtained.

"Illustrations:

"18. A, owning Blackacre in fee simple absolute, transfers Blackacre 'to B and his heirs to and for the use of the C Church and for no other purpose.' B has an estate in fee simple absolute and not an estate in fee simple determinable."

■ The quoted words from the deed to the Board are not the usual words of limitation such as "during," "as long as," "until," and the like which result in creating an estate upon limitation, automatically terminating at the time specified. Barren County Board of Education v. Jordan, Ky., 249 S.W.2d 814. Nor are they the usual words of condition such as "on condition that," "provided that" or "on these express conditions," which technically require an ejectment or re-entry to cause the title to revert. Fayette County Board of Educa-

tion v. Bryan, 263 Ky. 61, 91 S.W.2d 990; Devine v. Isham, 284 Ky. 587, 145 S.W.2d 529. In fact, it is the general rule that conveyances of land for stated purposes, and for no other, do not create fees upon limitations or express provisions for reverter when such uses cease. American Law of Property, Section 2.6, pages 96, 97, and particularly the collection of authorities in footnote 14, column 1, page 97. See, also, 10 Am.Jur., Estates, Section 36.

This court has consistently held to the general rule in deeds of this nature and refused to create a right of reversion where none was expressly stated or inescapably implied. Murphy v. Metz, 85 S.W. 1097, 27 Ky.Law Rep. 617; Wright & Taylor, Inc. v. Board of Education of Bullitt County, 151 Ky. 560, 561, 152 S.W. 543; Williams v. Johnson, 284 Ky. 23, 143 S.W.2d 738, 135 A.L.R. 1131; Hodges v. Edmonson County Board of Education, Ky., 256 S.W.2d 514.

■ It is our conclusion that the Board's interest in this tract was not terminated by its failure to use the land for school purposes.

The judgment is reversed.