W. Y. LIGHT et al., Individually, etc., Appellants,

v.

THIRD–WOODLAND PRESBYTERIAN CHURCH, Inc., Appellee.

Court of Appeals of Kentucky.

March 14, 1958.

387

Edward A. Dodd, Nicholas H. Dosker, Louisville, for appellant.

John A. Fulton, Louisville, for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment finding that Third-Woodland Presbyterian Church, Inc., of Louisville, has fee simple title to certain real estate in the city in the name of the Woodland Presbyterian Church.

The Third Presbyterian Church and the Woodland Presbyterian Church were merged in 1956 into the Third-Woodland Presbyterian Church, Inc., with the full approval of the ruling hierarchy of the church in Kentucky. The merged church used the physical facilities of the Third Church, which left the real estate of the former Woodland Presbyterian Church to be disposed of. Among a substantial group of the Woodland congregation (appellants here) who opposed the merger were two of Woodland's trustees who refused to sign a conveyance of the Woodland property to the merged church. The appellants concede the validity of the merger, but contend that it precipitated a reversion of the Woodland property which resulted, of course, in the need of the new merged church bringing the present action to quiet title to the property in order to dispose of it.

Before the Woodland Church was born, there were the usual preparations within the Presbyterian family for its arrival. In 1879 Dr. Stuart Robinson, minister of the Second Presbyterian Church of Louisville, was the grantee in a deed from the Louisville Building Association, Inc., of the property here involved "in trust for a Presbyterian Congregation to whose trustees or to the trustees of the second Presbyterian Church of Louisville he shall transfer *as he may hereafter elect* party of the second part both parties being of the City of Louisville County of Jefferson and State of Kentucky Witnesseth that for and in consideration of the sum of six hundred dollars paid

as follows viz. One hundred dollars cash and five promissory notes for one hundred dollars each of even date herewith and bearing interest at six per cent per annum. The first of said notes will fall due on August 1, 1880 and the second one August 1, 1881 and one each every year thereafter to secure which a lien is hereby retained have bargained and sold and by these presents do bargain sell and convey unto the said second party with covenant of General Warranty * * *. This property being sold for the use and purpose of a presbyterian church, the parties hereto hereby cancel and surrender to said second party the last three notes herein named as said first parties donation to said church."

It is the contention of the appellants that the words "as he may hereafter elect" authorized Dr. Robinson to impose such further limitations on the use of the property by "a presbyterian church" as he deemed wise, but the appellee, Third-Woodland, contends that Dr. Robinson was merely given an election to hold the property for the new church or to convey it in trust to the Second Presbyterian Church to hold for it. In any event, Dr. Robinson chose to convey the property to the Second Presbyterian Church as trustee for the new church, and in his 1881 conveyance in trust of the property to the Second Presbyterian Church he stipulated that the latter "shall convey the property to the trustees of said organized church if organized in connection with the Louisville Presbytery of the *southern* Presbyterian Church to be held by them for the use of a Presbyterian Church worshipping there," and Dr. Robinson's proviso was included in the 1892 deed from the trustees of the Second Presbyterian Church to the newly organized Woodland Presbyterian Church.

■ The deed from the Louisville Building Association to Dr. Robinson was a business transaction in its origin as clearly indicated by the fact that a total of $300 consideration was paid. The fact that the Building Association surrendered and can-

celed the last $300 of notes due because Dr. Robinson was buying the property for church purposes does not convert this business transaction into a charitable trust. It is true Dr. Robinson received the property as trustee "for the use and purpose of a presbyterian church" which was in contemplation, but the nature of the conveyance served not only to separate the property from any real estate owned individually by Dr. Robinson but served also as both an excuse and explanation for the Building Association's surrender of its right to collect the balance of the contracted consideration.

■ Whether Dr. Robinson was entitled from a legal standpoint to impose further restrictions upon the use of the property is a matter which we do not consider it necessary to decide, for we are of the opinion that the added restriction he did impose has no legal efficacy in the present situation. The Second Presbyterian Church conveyed the property to the Woodland Church in complete compliance with Dr. Robinson's requirements, and the Woodland Church used the property in conformity therewith. All of the mentioned deeds in the Woodland chain of title are general warranty deeds except the one from the Second Presbyterian Church to the Woodland Church which is "in fee simple forever" with covenant of "special warranty," which indicates clearly that the trustees of the Second Church of that day considered themselves mere conduits of the title received from Dr. Robinson and no more.

■ In none of these deeds is there an expression that the land must continue to be used for church purposes or revert to the grantor; nor is such a reverter implied in any of them. It is the general rule that conveyances of land for stated purposes do not create fees upon limitations or express provisions for reverter when such uses cease. Restatement of the Law of Property, Section 44, note m., pages 129, 130; American Law of Property, Section 2.6, pages 96, 97. See, also, 10 Am.Jur.,

Estates, Section 36; Williams v. Johnson, 284 Ky. 23, 143 S.W.2d 738, 135 A.L.R. 1131. Nor does the lack of a money consideration in a conveyance create a right of reverter. Hodges v. Edmonson County Board of Education, Ky., 256 S.W.2d 514.

It is our conclusion that the Third-Woodland Presbyterian Church has fee simple title to the property.

The judgment is affirmed.